### Bohun *against* Taylor and Collins.

On error from the *New-York* C. P. The action in the court below was trespass against the defendants, for entering the plaintiff's house in the evening, without leave. *Collins* suffered judgment by default ; and *Taylor* pleaded the general issue. On the trial of both upon a venire *tam quam*, the trespass being proved upon both, *Taylor* offered *Collins* as a witness for him. It was objected that he was incompetent ; but he was admitted and sworn. He was asked as to the motives and inducements the defendants had to enter the house ; and how they came to be admitted. This was objected to, as no special plea in bar, or notice embracing the matter, had been interposed. But the objection was overruled ; and the counsel excepted to the decisions of the court on both points. *C.* then swore that *Taylor* told him some furniture of one *F.* was missing, and *C.* being a city marshal, they went in search of it ; found the outer door open, and went into the house, and looked at the furniture, to see if it was *F*'s. &c.

The jury found for the plaintiff, 6 cents damages.

*D. Graham*, for the plaintiff in error, cited 1 *Ph. Ev.* 53, 57, 61 ; 10 *John. Rep.* 21 ; 14 *id.* 119 ; 1 *Str.* 633 ; 11 *John. Rep.* 57 ; 1 *Lawy. Mag.* 197 ; 1 *Archb. Pr.* 195 ; 1 *R. L.* 344, s. 5 ; 2 *Tidd*, 902, 7th *Lond. ed.* ; *Cro. Eliz.* 860 ; 11 *Co.* 6. *a.* 7. *a* ; 6 *Bin.* 316, 319 ; 1 *Day*, 33 ; *Bull. N. P.* 285 ; 2 *Cowp.* 333, *n.* ; 10 *John. Rep.* 95 ; 13 *John.* 350 ; 2 *Wash. Rep.* 276 ; 1 *Munf.* 291 ; 16 *John.* 89.

*J. Anthon*, contra, cited 2 *Esp. Rep.* 552 ; 7 *East*, 108 ; 2 *Campb.* 638.

One of two defendants, sued jointly for the same trespass, though he suffer judgment to pass against him by default, cannot be a witness for his co-defendant. Otherwise, if he plead, and there be no evidence against him.

In trespass against several persons jointly, for the same act, the damages must be jointly assessed, though they sever in pleading ; or one suffer judgment by default, and the trial proceed upon a venire *tam quam*.

In trespass *quare domum fregit*, held, that the defendants might show, in mitigation of damages, their motives and inducements to enter the house, as that it was to search for furniture which they had been informed was missing.

*Wara v. Haydon & Ventom*, (2 *Esp. Rep.* 552,) overruled.

*Curia, per* SAVAGE, Chief Justice. The questions are, 1, as to the competency of *Collins*, the witness ; and 2, the competency of his testimony, under the pleadings.

A defendant cannot regularly be a witness for co-defend-ants ; but if no evidence has been produced against him, he is entitled to his discharge, as soon as the plaintiff has closed his case, and may then give evidence for the others. But if there is any evidence against him, however slight, he cannot be discharged before the rest, and the case must go altogether to the jury. ( 1 *Phil. Ev.* 61, 2.)

A case is stated by baron *Gilbert*, of trespass against two, for two trespasses, and the question was, if one might be a witness for the other. And he says, it seems that if it were the same fact, and the trespass committed at the same time and place, he may not be a witness, because he swears to discharge himself. But if it were not the same fact, or at the same time and place, the oath of one has no influence on the fact laid to his charge ; but merely goes in discharge of the other.

The reasoning of *Gilbert* is applicable to this case. There was but one joint trespass committed by both de-fendants ; one fact, one time and place ; and the testimo-ny given by *Collins* was equally applicable to the assess-ment of damages against himself as against *Taylor*. Even by his own testimony, the trespass is proved.

So a co-defendant in an indictment, who suffers judg-ment by default, cannot be a witness, either for or against the other defendants. (1 *Ph. Ev.* 62.) And though they plead separately, and are tried separately, the rule is the same. They are parties to the record, and one is an incompetent witness for the other, until acquittal or convic-tion ; the matter then being at an end as to him. (10 *John.* 95.)

It is contended, however, that the suffering of judgment to pass by default, against the witness, *Collins*, rendered him competent ; as his liability was fixed by the default ; and his testimony was applicable to the case of his co-de-fendant, *Taylor*. The case of *Wara* v. *Haydon & Ven-tom*, (2 *Esp. Rep.* 552,) is cited to support the proposition.

There, in an action of trover for goods wrongfully distrained, one defendant suffered judgment by default ; and he was admitted by lord *Kenyon,* to prove that the other defendant had no agency in the transaction, except making an inventory of the goods. His lordship held, that the witness was not interested, as he was not liable for the costs of the other defendant.

In a subsequent case, (*Chapman* v. *Graves and two others,* 2 *Campb.* 333, *note,*) before *Le Blanc,* J. the same thing was offered, except that the witness was called by the plaintiff against the witness' co-trespassers ; and he was rejected, the judge saying, that, in the former case, he had no interest to charge his co-defendants, as he was called to exculpate them ; whereas he was now called to inculpate them. On the other hand, it is contended that the interest of the witness is direct, as the jury may assess joint damages against both defendants ; and where there is but one trespass, and both are found guilty of the whole trespass, there the damages must be entire, though the defendants sever, and one suffer judgment by default. Such is the settled law in *England.* (1 *Saund.* 207, *a. note* (2). *Hill* v. *Goodchild,* 5 *Burr.* 2790, 1, 2, *and the cases there cited.* 1 *Archb. Pr.* 195. *Austen* v. *Willward et. al. Cro. Eliz.* 860.) The same doctrine is established in *Pennsylvania ; (Wakeley* v. *Hart,* 6 *Bin.* 316, 319 ;) and also in *Connecticut. (Bostwick* v. *Lewis,* 1 *Day,* 34.)

In this court, it has been held, that a joint trespasser, not taken, though named as a defendant in the *capias,* was a competent witness, as he had no legal fixed interest. (*Stockham* v. *Jones,* 10 *John.* 21.) (*a*)

But in this case, the interest of the witness was direct. He was testifying to reduce the damages against himself; for, as the act complained of was one entire act, the damages against both, even if not joint, must be the same. It is certainly dangerous to admit witnesses under such circumstances.

(*a*) Not being taken, he was not a party for any purpose. (*Rose* v. *Oliver.* 2 *John. Rep.* 365.)

UTICA,
Aug 1825.

Jackson
v.
Dewitt.

To the testimony itself, I can see no objection. The object was merely to mitigate damages, not to justify or excuse the trespass.

I am of opinion that the judgment be reversed; and a *venire de novo* awarded from the *New-York* C. P.

                                        Judgment reversed.