ALBANY,
October, 1829.

Holley
v.
Mix.

---

### Holley vs. D. Mix and I. I. Clute.

*False imprisonment* will lie against an officer and a complainant in a criminal prosecution, where they combine and extort money from a party accused by operating upon his fears, although the party be in the custody of the officer, under a valid warrant, issued upon a charge of felony.

This was an action for false imprisonment, tried at the Schenectady circuit in January, 1828, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

In June, 1827, Stephen Mix, a brother of the defendant D. Mix, obtained from E. L. Davis, Esq. a justice of the peace of the county of Schenectady, a warrant against the plaintiff on a charge of having feloniously stolen a ten dollar bank bill. Stephen Mix was deputed to serve the warrant, and went in pursuit of the plaintiff, whom he overtook on the canal a few miles west of Schenectady; and having lost the warrant, he only requested the plaintiff to return, which the plaintiff refused to do. Stephen Mix then obtained another warrant from I. I. Van Epps, Esq. another justice of Sche-

An *arrest* of a felon may be justified by *any person* without *warrant*, whether there be time to obtain one or not, if a felony has in fact been committed by the person arrested.

If an innocent person is arrested upon suspicion by a private individual, such individual is excused, if a felony was in fact committed, and there was reasonable ground to suspect the person arrested.

But if no felony is committed by any one, and a private individual arrest without warrant, such arrest is illegal; an *officer*, however, would be justified if he acted upon information from another which he had reason to rely on.

In an action for *false imprisonment* against two, where *several* damages are given, the plaintiff may cure the irregularity by entering a *nolle prosequi* against one, and taking judgment against the other.

ALBANY,
October, 1829.

Holley
v.
Mix.

nectady county, on the same charge, which was issued against John Doe, the name of the plaintiff not being known by the complainant, and delivered to the defendant Clute, who was informed by Stephen Mix that the plaintiff had stolen a ten dollar bill belonging to D. Mix, the other defendant. Clute and Stephen Mix pursued and overtook the plaintiff. When they did overtake him, Stephen Mix said he wanted the plaintiff as a witness in relation to a ten dollar bill dropped in a tailor's shop in Schenectady; but Clute, the constable, did not hear this remark. Clute arrested the plaintiff, and carried him before the justice Van Epps, where the plaintiff stated his name, and the justice altered the warrant by inserting his name, and then re-delivered it to the constable. The plaintiff asked permission to go to Schenectady to settle with the defendant D. Mix, or to obtain counsel. The justice directed the constable to keep the plaintiff in custody until the next morning, when he would be tried by a *special sessions ;* but he appointed no time or place for the holding of the sessions, nor did he designate or summon any justices to associate with him in holding the same, nor did the complainant or the constable make any inquiries respecting it. This justice heard no more of the matter. The constable Stephen Mix and the plaintiff then proceeded to Schenectady, and went directly to the shop of the defendant D. Mix, who told the plaintiff that the matter could not be settled, and directed the constable to take the plaintiff to the justice's office to be tried according to law. The constable, instead of going to the justice's office, took the plaintiff to a tavern, where he was followed by the defendant D. Mix. The constable and the plaintiff went into a back room together. D. Mix did not go with them, but whilst they remained in the room, walked in the hall of the house. The constable came out of the room and handed to D. Mix ten dollars. Whilst the plaintiff was detained at the tavern, E. L. Davis, Esq. the justice who issued the first warrant, repeatedly told the constable and D. Mix to bring the plaintiff before him at his office. He was not brought. The constable told justice Davis that Mix had got his money and he his costs, and Mix confessed that the plaintiff had given him

eleven dollars to settle the matter. Evidence was given, in support of the charge, that a felony had been committed, but it entirely failed to establish the fact.

The evidence being closed, several objections were urged to the plaintiff's right to recover, which were overruled by the judge, who charged the jury that the warrant issued by justice Van Epps previous to the insertion of the name of the plaintiff was no protection to the officer; that an officer has no authority to arrest a person upon a criminal charge without warrant and upon information only, except in cases where there is not time to obtain a warrant, and where an escape would take place unless the arrest was made; but that in this case, there being sufficient time to obtain a warrant, the constable was not justified to arrest upon information. That if the jury believed that the defendants acted in concert in taking the plaintiff into the back room of the tavern, and that they intended to keep him in custody, and to work upon his fears for the purpose of extorting money from him, they were both liable, and a verdict ought to be rendered against them. The jury found for the plaintiff, and assessed damages against Clute at six cents, and against Mix at $25. The cause came before the court on a bill of exceptions.

*A. C. Paige*, for defendants, moved to set aside the verdict. The plaintiff's remedy, if any, was by action on the case for a malicious prosecution, or for oppression in the execution of the warrant. Trespass will not lie against an *officer* for an arrest made on information that a crime has been committed, although no warrant is issued. (1 Chitty's Crim. Law, 12 to 18.) An arrest may be made on a warrant, though the name of the person charged is not inserted in the process. (id. 32, 33.) The defendant Mix did not interfere in the arrest of the plaintiff, nor is he chargeable with his subsequent imprisonment; what he did was after a legal warrant was in the hands of the officer, and in aid of him. The charge of the judge was erroneous.

*H. R. Storrs*, for plaintiff. No one, not even an officer, can arrest without warrant, where a crime is charged to have

been committed, unless there is no time to obtain it. (2 Hawkins, b. 2 ch. 13, § 11.) The plaintiff was arrested on a warrant against John Doe. The subsequent alteration of it by inserting the name of the plaintiff did not justify the previous unlawful arrest. But allowing the process to have been regular the abuse of it by the constable and the other defendant, in extorting money from the plaintiff under pretext of a charge not pretended to have been substantiated at the trial, deprived them of the protection which they otherwise might have been entitled to.

The plaintiff asks leave to enter a *nolle prosequi* as to the defendant Clute, the jury having severed in the damages assessed by them. There can be no severance, even where the pleas, as in this case, are several. The application may be made now, in the same manner as if the *postea* were now returned. (5 Burr. 2790. 1 Saund. 207, n. 2.)

*By the Court,* SAVAGE, Ch. J. There is certainly an inaccuracy in the charge of the judge, as stated in the bill of exceptions. The judge is represented as lying down the broad proposition, that a felon can in no case be arrested without warrant, when there is time to obtain one. My understanding of the law is, that if a felony has in fact been committed by the person arrested, the arrest may be justified by any person without warrant, whether there is time to obtain one or not. If an innocent person is arrested upon suspicion by a private individual, such individual is excused if a felony was in fact committed and there was reasonable ground to suspect the person arrested. But if no felony was committed by any one, and a private individual arrest without warrant, such arrest is illegal, though an officer would be justified if he acted upon information from another which he had reason to rely on. These principles will be found, substantially, in 1 Chitty's Crim. Law, 15.

The case of *Samuel* v. *Payne and others,* (Douglass, 359,) supports the distinction in the above proposition. In that case a search warrant was taken out by Hall, one of the defendants, upon a charge of theft; but the warrant did not authorize the arrest. The goods were not found, but the plain-

ALBANY,
October, 1829.

Holley
v.
Mix.

tiff was arrested and carried before a magistrate and discharged. On the trial, Lord Mansfield laid down the law, that if a felony has been committed, any man upon reasonable probable ground of suspicion may justify apprehending the suspected person and carrying him before a magistrate; but if no felony has been committed, such arrest can not be justified by any body. The court, however, thought the rule too narrow, and said that if any person charge another with felony and desire an officer to take him in custody, such charge will justify the officer, though no felony was committed; but the person making such charge will be liable. And upon a new trial a verdict was found against Hall, but in favor of the officers.

A similar decision was made in *Hobbs* v. *Branscomb and others*, (3 Camb. 420,) where the plaintiff had been improperly arrested upon a charge of felony where no felony was committed. For the defendants, the case of *Samuel* v. *Payne* was relied on and a nisi prius decision of Mr. Justice Buller, in which he held that "If a peace officer of his own head takes a person into custody on suspicion, he must prove that there was such a crime committed; but if he receives a person into custody on a charge preferred by another of felony or breach of the peace, then he is to be considered as a mere conduit, and if no felony or breach of the peace was committed, the person who preferred the charge alone is answerable." Lord Ellenborough said this rule appeared to be reasonable, and that injurious consequences might follow if peace officers, under such circumstances, were personally responsible, should it turn out that in point of law no felony had been committed.

It was not contended upon the trial that a felony had been committed; an action would therefore lie against Stephen Mix, but not against the constable Clute, provided the arrest was made with a *bona fide* intention of bringing a supposed offender to justice. Thus far there is no evidence against David Mix; and had the case stopped here, a verdict for the defendants should have been directed.

The warrant against John Doe did not authorize the arrest of any person other than John Doe. It was altered by

inserting the name of the present plaintiff, and then it was a justification for all subsequent regular acts of all concerned in its execution. At this stage of the proceedings a shade of suspicion is cast upon the *bona fides* of the whole transaction. The justice directs the constable to take the supposed culprit to Schenectady for trial, but did not attend for that purpose nor take any steps preparatory thereto, nor could in fact any trial be had within 48 hours, unless by the consent of the accused. It was the duty of the justice to have taken the examination of the person brought before him ; instead of doing so, he sent him to Schenectady. When there, the defendant, D. Mix, directed the constable to take him before justice Davis, who had issued the first warrant, and the justice gave the same direction ; but the constable went to a tavern, and so did the defendant Mix, and while the constable was probably frightening the prisoner in a back room, the defendant Mix was walking the hall, waiting the result of the conference between the constable and the prisoner. He gave no further orders to go before the justice, and when the constable gave him ten dollars, he said no more about the impossibility of a settlement. It was in reference to these facts that the judge charged the jury, that if the object of the two defendants was to extort money from the prisoner by working upon his fears, they were liable in this action. In this I think the judge was right. Had the constable performed his duty by taking the plaintiff before a magistrate he would have been justified ; but having lent himself, according to the finding of the jury, to the unholy purpose of oppression, he lost the protection which the law would give him in the discharge of his official duty and became a trespasser, and so did David Mix who acted in concert with him. There is no reason, therefore, for granting a new trial. And as there can be but one assessment of damages, the plaintiff is permitted to enter a *nolle prosequi* against Clute, and perfect judgment against Mix. This practice is justified by the cases cited, (1 Saund. 207, n. 2,) and the reason there given seems to be sound ; that as this action is several as well as joint, and as the plaintiff might originally have commenced his action against one only, so after

ALBANY,
October, 1829.

Holley
v.
Mix.

ALBANY,
October, 1829.

verdict he may elect to take his damages against either of them; and where several damages are given, the plaintiff may cure the irregularity by entering a *nolle prosequi* against all but one, and take judgment against him alone. (6 T. R. 199.)

The motion for a new trial is denied, and, leave is given to the plaintiff to enter a *nolle prosequi* against Clute upon payment of his costs.