8                    NEW-YORK PRACTICE REPORTS.

Dodge agt. Averill, impleaded with Shepard and Williams.


SUPREME COURT.

DODGE agt. AVERILL, impleaded with SHEPARD & WILLIAMS.

In actions for a tort commenced before the Code, a defendant on whom process
    was not served, and who has not appeared, can not be a witness for a co-
    defendant, whom he is liable to indemnify in case of recovery.
He is nominally a party and interested (§ 398–9).

*St. Lawrence Special Term, Dec.* 1849.    This was a motion
on the part of the defendant Averill for a commission to examine
his codefendant Shepard, now living in Wisconsin.    The action
was trover, to recover a quantity of timber, and was commenced
in November 1847, and had been referred and considerable tes-
timony taken before the referee, and an adjournment granted for
the purpose of making this motion.    No process had been served
upon Shepard, nor had he appeared in the cause; but he was
liable to the defendant Averill, who was his vendee, for the value
of the property if the plaintiff should succeed.    The papers made
out a strong case of necessity for the testimony of Shepard, and
an excuse for not making the motion before.

It was clear from the papers, that if the plaintiff has a cause
of action against Averill, he has also against Shepard.    But it
was contended that any defendant on whom process has not
been served may be examined for a codefendant in an action for
a tort.    That where there is no service upon him and the suit
proceeds without him, it is not a suit against him, and there being
no privity of contract nor any contribution between them, the
defendant not served, was always a competent witness.    But that
if this were otherwise, the Code has provided for the examination
of a codefendant as a witness in ordinary cases (*Code,* § 397).
On the other hand it was denied that a codefendant in an action
for a tort can be a witness; and it was also insisted that there
is no power under the Code to issue a commission to examine a
coplaintiff or codefendant; those provisions only extending to
witnesses and the opposing party.    And again, that if this were
not so, the delay in this case was fatal to the motion.

*Dodge agt. Averill, impleaded with Shepard and Williams.*

C. J. MYERS, *for the Motion.*

A. B. JAMES, *Contra.*

HAND, Justice.—In England, one against whom process in an action for a tort is issued, although not served, is still considered a party to the suit, and as such it seems can not be examined as a witness (1 *Phil. Evi.*, 74; *Bull. N. P.*, 286; 2 *Stark. Evi.*, 766; and see 2 *Campb.*, 334 *n; Gilbert Evi.*, 232; *Bohun v. Taylor*, 6 *Cow.*, 313). Our courts have decided he may be a witness if not liable over to his codefendant upon whom service has been made, as contributor or warrantor; confining his incompetency to a fixed legal interest (Stockham v. Jones, 10 *J. R.*, 21; Van Orden vs. Striker, 9 *Wend*, 286). And I am aware that Mr. Justice Spencer in Rose vs. Oliver, intimates that the party not taken, is not a party to the suit (2 *J. R.*, 368); and the reporter has repeated this in the margin to Bohun vs. Taylor (6 *Cow.*, 313). But in *Rose v. Oliver*, the declaration charged two defendants with committing the trespass together with a third named in the writ, but not taken; and that was held good after *verdict;* and that is all that was there decided. (And see note to 19 Vin., 476). Bleecker and Sudam, good lawyers, contended strenuously against even this position. And cited Hobart, 199, *a*, where it is said, "if four commit a trespass (which in its nature is joint and several), yet if the plaintiff will bring his action against one only, and declare that he with the other three did the trespass, his action shall abate." This would have been good after verdict in this state, before the code. (And see Tory's case *Styles R.*, 15, and Barker vs. Martin, *id.*, 20.

SPENCER, Justice, gave the opinion in *Rose v. Oliver*, and thought *simul cum* and *simul cum quodam* J. S., &c., the same in effect, and then adds, " if then the two modes of declaring are substantially alike, Henly v. Broad (1 *Leon.*, 41), is decisive that after verdict the defcet is cured." Trespass, it is said, is in its nature joint and several, as already remarked (Brickhead vs. Archbishop of York, *Hob.*, 199, *a*), and the plaintiff can treat cotrespassers as several (1 *Saund. R.*, 291, *n; Bayley v. Raby, Str.*, 420; Govett v. Radnidge, 3 *East.*, 62; Mitchell v. Tarbutt,

5 *T. R.*, 649). And the rule is the same in an action on the case (Mitchell v. Tarbutt, *supra*). But if by his own showing another was a party to the trespass, as declaring that those sued *simul cum*, J. S. committed the trespass, the old rule was that the action would abate (*Hob.*, 199, *a;* Billings v. Crosby, *Comb.*, 260; Colt v. Bp. Cov. & Lick., *Hob.*, 165). Though it seems where the writ was against two and one only taken, the plaintiff might declare against the one taken *simul cum* (Holt in Billings v. Crosby, 19 *Vin.*, 477). Nor would the action abate where the plaintiff declared that the defendant together with another person to the plaintiff unknown, committed the trespass (6 *Bac.*, 598; Henly v. Broad, *supra*). I am aware that these distinctions have been doubted (1 *Saund.*, 291, *n.* 1 *Chitt. Pl.*, 99). And I do not stop now to examine the rule upon this subject, but I notice them to show the effect and importance formerly attached to the joinder of a cotrespasser (And see Edwards v. Carter, 1 *Str.*, 473; Goldsmith v. Levy, 4 *Taunt.*, 299; *Lee's Dic.*, 984). But whatever may be the rule as to declaring there is no doubt but that the joinder prevented the defendant not served, from being a witness for his codefendant. In *Lill. Pr. Reg.*, it is said " where a joint action of trespass doth lie against divers persons, of whom some can be arrested and others can not, there the action may be brought against those that are arrested and do appear by their particular names, and against them that are not arrested with a *simul cum*, A. B., &c., viz., to charge them that are arrested, but not the parties in the *simul cum*, any farther than only *to take off their evidence at the trial.*

Note. The parties in the *simul cum* must be all of them named in the writ, and proved to be trespassers, otherwise their evidence will not be taken off; but they may be sworn to give evidence for the defendant" (1 *V.*, 34). And this is repeated in Viner (19 *V.*, 477). This was admitted by the court in *Jones* v. *Stockham* to be the old rule; and Mr. Justice Spencer, at the circuit on the trial of that cause followed the rule as laid down in *Buller's Nisi Prius* and *Lilly's Register*, and rejected a codefendant upon that ground, notwithstanding what he had said six years before in *Rose v. Oliver*. The court, as we have seen, granted a

new trial on the ground that he was not interested, for it did not appear that he was liable to contribute, or as warrantor. But they did not say he was not a party, nor was the case put upon that ground. They only overrule the old rule so far as to say, that being named in the writ shall not exclude, if we have no interest. It is not necessary to see what the rule would be if the suit was commenced under the Code by §§ 135, 136, 274; for these do not apply to old suits.

Interest alone does not now exclude a witness (*Code*, § 398). But if he be a party and also interested, he still remains incompetent (§ 399). Shepard, as we have seen, is a party to the action; and although usually there is no contribution among tortfeasors, yet here, as he is liable over to Averill, he comes within § 399. He could not have been a witness within *Stockham v. Jones* (and see Curtis v. Monteith, 1 *Hill*, 356). I do not think § 397 removes the objection. If that applies to what were actions at law at all, it is qualified by § 399; certainly where the party called is liable to make good, what the codefendant calling him, may lose by the suit (Lord v. Brown, 5 *Denio*, 349; Stone v. Hooker, 9 *Cow.*, 154). Motion denied.