Oakley, C. J.,
after consultation with the other judges.— Great doubt and much confusion in 'the authorities seems to exist in England and in this country as to the course to be pursued by the plaintiff in perfecting Jiis judgment where the jury have severed the damages, as to the defendants in actions for torts, where the defendants are jointly found guilty. It is clear that in actions founded upon a tort which are in their nature joint and several, the plaintiff may cure a verdict wrong in point of law by entering a nolle prosequi against all the defendants but one, and taking judgment against him only. (1 Saunders, 207, v. 2; Salmon v. Smith, 6 T. R. 199, 200; Mitchell v. Milbank and others; Sabin v. Long, 1 Wils. 30; Sedg. on Damages, 584; and Cases Cited, 2d ed.) This practice seems to have been generally followed in this state; and we have not been referred to any case in our own courts wher.e the practice adopted in this case has been followed. (Holley v. Mix, 3 Wend. 350; Bohun v. Taylor, 6 Cow. 313.)
But this practice of allowing the plaintiff, in cases where several damages are assessed, to enter judgment de melioribus da/mnis against all the defendants found guilty, was sanctioned in Haydon’s case, 11 Coke, 5. (7 Viner’s Abr. 303; Elliott v. Anderson and others, 1 C. B. 18; Clark v. Newsam, 1 Exch. R. 131; and 16 Law. J. Exch. 297.)
*645 The question is also directly decided in Halsey v. Woodruff, 9 Pick. R. 555, in a parallel case; and in Rochester v. Anderson, 1 Bibb. R. 434, where the defendants pleaded guilty, and it was held that if the jury sever the damages the plaintiff may take judgment against all for the best damages; while, in Ammonett v. Harris and Turpin, 1 How. & Mann. 488, the Maryland Court of Appeals held that the true mode of curing the error in the Verdict was to enter a nol. pros, against all but one defendant.
In this conflict of the authorities, we have concluded that we will not interfere with the verdict on a motion-like the present. As the error, if there is any, appears distinctly upon the record, and the plaintiff insists upon retaining the judgment in its present form, we think that the defendant must present the question by appeal.
The plaintiff certainly erred in incorporating in the record an allowance of one hundred dollars by way of costs, and in that respect the taxation must be modified.
The motion upon the principal point is denied, without costs and without prejudice.