WILLIAM H. TURNER and another v. PETER W. McCARTHY, impleaded with others.

Although *it seems* that where a jury, in an action of trespass, find a verdict for the plaintiff, and assess the damages at a certain amount against one defendant, and at a greater sum against another defendant, the plaintiff may discontinue as to one, and take judgment against the other; yet, where the injury resulted from the joint act of both, and the evidence does not sustain an apportionment of the damages, a judgment entered against one for a certain sum, and against the other for a different sum, cannot be sustained against either.

In an action of trespass *quare clausum fregit*, the question of the defendant's right to enter upon the plaintiff's close at all, is, of course, material; but where the complaint simply alleges an entry upon his premises, and injury to his property, without charging the employment of force, the issue is confined to the acts of the defendant after the entry, and to the damages resulting from such acts.

Where a lease reserves to the lessor a right to enter upon the demised premises and to make repairs; he is not liable for any damage resulting from the exercise of such right, in interrupting the business of the lessee or otherwise, unless it be proved, affirmatively, that the work has been performed in a wanton, unskillful or negligent manner.

THE plaintiffs were the proprietors of an extensive bowling alley, fitted up and conducted in the building known as Gothic Hall, formerly Masonic Hall, in the city of New York. The complaint was exhibited in the Marine Court, against four defendants, who were charged with "entering upon the plaintiffs' close, and doing damage to their business and property in the sum of $500." It was not alleged that the defendants employed force.

The premises were owned by two of the defendants, Gibbs and McCarthy, who leased them for a year to one Samuel Parker. This lease was afterwards extended for three years. It contained a provision to the effect that all repairs should be executed by the lessee, and that in default of his so doing, the lessors or their agents might enter, examine and repair the premises as their safety might require. Parker assigned

the lease to the defendant, Cornell, who let the building to the plaintiff, Turner. The other defendant, Finnigan, became interested therein, under articles of copartnership with Turner.

The answer was " a general denial and justification."

On the trial, it appeared that excavations were made by third persons on lots adjoining this building, and that the defendant, McCarthy, with the defendant, Goodwin, a mechanic in his employ, entered upon the premises, shored up the walls and effected extensive repairs. The defendant, Cornell, was also proved to have visited the building. As to the defendant, Gibbs, a nonsuit was granted.

The cause was tried by a jury, who acquitted the defendant, Goodwin, and found a verdict against McCarthy and Cornell, assessing the damages against the former at $250, and against the latter at $228. The justice of the court below entered a judgment in accordance with the verdict.

The cause now came up upon the defendant, McCarthy's, appeal. The reader is referred to the opinion for a further statement of the evidence bearing upon the questions determined in the decision of this court.

*Charles H. Smith* and *Geo. G. Bellows*, for the appellant.

*Dennis McMahon*, for the plaintiffs.

By the Court. DALY, J.—This is, in general terms, and in the language of the Code, an action for injury to property, without force; for the complaint does not allege an entry and disturbance of the plaintiffs' possession with force, but in the brief form usually adopted in the court below, it simply declares that the defendants entered upon the plaintiffs' close, and did damage to their business and property to $500. The answer was in the simplest form—" general denial and justification." If, by justification, is meant a license to enter, it was unnecessary to set it up, as the action can, in no sense, be regarded as in the nature of what, before the Code, would be denominated an action of trespass, *quare clausum fregit.*

Turner *v.* McCarthy.

It therefore becomes unnecessary to consider whether or not the plaintiffs took, subject to the right of the original lessors, to enter and make repairs under the covenant in their lease to Parker, reserving that right. Besides, it is conceded by the plaintiffs upon the argument, that the original lessors retained the right to enter when it became necessary to maintain the building. The case, therefore, is narrowed down to the question, whether the plaintiffs proved that the defendants or their agents made the repairs in so unskillful and negligent a manner as to subject them, the plaintiffs, unnecessarily, to loss and damage; or, rather, whether there was sufficient evidence in the case to submit that question to the jury. Nothing of the kind was shown by the plaintiffs; but, on the contrary, it appeared by the testimony that the repairs were necessary for the safety of the building; that they were done as expeditiously as possible; that what was done was necessary to prop up the building; and that every attention was paid to the work that was requisite. The action was treated throughout by the court and by the parties as an action of trespass; and the defendants, in moving for a nonsuit, assigned, as the ground of it, that no trespass had been proved. We should, however, give effect to this motion, the plaintiffs having established no cause of action. They proved that they had sustained damage; that their bowling alleys were injured, in consequence of having been taken up; that their business had fallen off during the thirteen days that the workmen were engaged in making the repairs; and that they were put to expense for refitting their apartment. But for all that appears in the evidence, this may have been the natural and necessary consequence of the exercise of a right which the original lessors had reserved to themselves; and they are not responsible for such loss or injury, unless it appears that it was occasioned by their conducting the repairs in a wanton, unskillful or negligent manner.

But even if the action could be sustained against McCarthy, there was nothing to show that the repairs were made by the

directions of Cornell. If he was the assignee of Parker, there was sufficient reason why he should feel an interest in the preservation of the building, to account for all that he said or did.

But again, conceding that these two defendants might be sued separately, and that in such an action as this there might be a separate assessment of damages against each, (*Player* v. *Warn*, 3 Cooke, 54,) yet that can never be done where it appears, as in this case, that the injury resulted from the joint act of both defendants. (*Bohm* v. *Taylor*, 6 Cow. 313.) Here the jury have found that Cornell is liable for the injury done to the plaintiffs' business, and they find a verdict against him for $228, and that McCarthy is liable for the damages done to the plaintiff's alleys and fixtures, and they find a verdict against him for $250. It may be, where a jury in an action of trespass find a verdict for the plaintiff, and assess the damages against one defendant at a certain sum, and against another at a greater sum, that the plaintiff may discontinue as to one defendant and take his judgment against the other; (*Holley* v. *Mix*, 3 Wend. 350; 1 Saund. 207, n. 2;) for each defendant being separately liable for the whole amount of damages occasioned by the trespass, there can be no objection to such a course. But such is not the case. The justice has returned the special verdict of the jury upon which he rendered judgment, and by which it appears that they found that each defendant was liable for a part of the injury occasioned; and if there was any thing in the evidence to sustain such a finding, there might be, under the authority of adjudged cases, such an apportionment of the damage. (*Austin* v. *Willward*, 1 Croke Eliz. 860; *Heydon's Case*, 11 Coke, 56.) But if both defendants here are liable, it is upon the ground that they caused the act to be done—the making of the repairs—which occasioned the injury, and there is nothing in the case to show that a part of the injury was occasioned by the act of the one and a part of it by the act of the other. It is not finding, as in *Holley* v. *Mix*, that either of the defendants were liable for the whole injury,

and the plaintiff should not be permitted to elect in such a case to take judgment against one, as it is impossible to tell upon what ground the jury have based the liability of either.

There are other grounds upon which this judgment must be reversed, but it is unnecessary to go into them.

Judgment reversed.