By the Court.—Monell, Ch. J.
This action is . for false imprisonment,, and not, as seems to have been supposed by the appellants’ counsel, for a malicious *111 prosecution. The question of probable cause, therefore, is not involved (Burns v. Erben, 1 Robt. 555; affirmed, 40 N. Y. R. 463), and the complaint and affidavit of the plaintiff sufficiently show a cause of action and ground of arrest.
The cause of the arrest was an alleged violation of the excise, law of the State ; "and the arrest was made by the defendants, as policemen of the city, acting under the orders of the captain of the precinct. Such order was verbal, and the defendants had no-warrant from a magistrate.
Under the act to “suppress intemperance and to regulate the sale of intoxicating liquors ” (Laws 1857, chap. 628, p. 405), it is provided (§ 16, p. 411) that it shall be the duty of certain named officers, including ;policemen, to arrest all persons found actually engaged in the commission of any offense in violation of the act, and' forthwith to carry such person before any magistrate of the city, to be dealt with according to the provisions of the act.
It appears in this case that Byrnes, one of the defendants, having found the plaintiff actually engaged in the commission of an offense, i. e., selling intoxicating liquors without having obtained a license therefor, reported the case to the captain of the precinct, who required the other defendants to accompany Byrnes, to assist him. Thereupon the defendants took the plaintiff to the station-house, where he was detained until the next sitting of a police court. The interval between the time when the plaintiff was found by Byrnes committing the offense, and the arrest, was, as the plaintiff states it, only a few minutes.
But, having requested the plaintiff to accompany him to the station-house, and he refusing, Byrnes left and afterwards returned with the other defendants, and made the arrest.
It is not necessary, I think, upon this appeal, to *112 determine whether an offense against the excise law had or had not actually been committed, nor whether the means resorted to to procure the evidence of its commission should be regarded with favor towards the defendants. We must assume that enough appeared to authorize the arrest, if the officers have acted within the power conferred upon them by law.
So far as the power is given by the excise statute, it is confined to persons found actually engaged in the commission of an offense. If, therefore, a person is found to be offending, he may, while so offending, be arrested without precept or warrant, and taken before a magistrate.
The common law right to arrest without a warrant, in the cases, in which it is given to a citizen as well as to magistrates and ministerial officers, is confined to the time when the offense was committed. And whether an offense had been committed or not, an arrest can not be made afterwards without a warrant (McKay’s case. 5 City H. Rec. 95). It is not essential to notice the difference between the right of a citizen and of an officer—which is chiefly that the former must act upon his own information, and that the latter may act upon the information of others, as well as the power of the latter to command assistance—in either case, the right to arrest must be exercised at the time the offense is committed. If there is an interval of time, then there must be a magistrate’s warrant (1 Chit. Crim. Law, 20, 21). Thus if an affray be made to the breach of the peace, any person without a warrant may restrain any of the offenders in order to preserve the peace ; but after there is an end of the affray, they can not be arrested without a warrant (Phillipps v. Trull, 11 J. R. 487).
But ministerial officers may, without warrant, make arrests, when there is reason to believe a felony has been committed, even though one has not been com *113 mitted, and the arrest is made afterwards. A citizen, who under such circumstances should make an arrest, would not be protected (1 Chit. Crim. L. 20, 21, 22; Holley Mix, 3 Wend. 350 ; Slater v. Wood, 9 Bosw. 15, 26).
In the higher crimes, such as treason, felony, and some misdemeanors, an officer, upon probable cause and sufficient information that a crime has been committed, has a larger power than in cases of lesser degree. He does not need the authority of a warrant, but may arrest without one even after the time when the supposed offense was committed •, and is protected even though no crime had in fact been committed.
But in breaches of the peace and simple misdemeanors, an officer, no more than a citizen, can without a warrant arrest an offender, unless it is done while the offender is engaged in the act constituting the breach of the peace or the misdemeanor (1 Chit. Crim. L. 23 ; 2 Esp. Rep. 540 ; 1 East P. C. 305).
The excise law attaches a penalty of fifty dollars for each offense of selling intoxicating liquors without a license. The offense is not made a misdemeanor, and is of too low a grade, even if it can be called an offense, to bring it within any of the recognized cases where arrests can be made without a warrant, after the offense has been committed.
I do not regard the shortness of the intervening time, between the commission of the offense and the arrest, as affecting the question of the officer’s right. If a short interval continues the right, a longer interval would also, and courts or juries would have to measure degrees of time in determining the rights of parties. And the protection of individuals from arbitrary arrest, will be better secured by requiring a complaint and a magistrate’s warrant in all cases of arrest not literally within the letter of the law.
In the case before us we can see no necessity for *114 making the arrest in the manner it was done. The penalty is a money fine only, and there was no probable danger of an escape of the offender. If there was time to report the case to the captain of the precinct, there was time, or time should have been made, to obtain from a magistrate a warrant. And the practice—• if to any extent it exists—of using official power where the law does not confer it, can not be too greatly deprecated and condemned. The liberty of the citizen is too sacred to be lightly or causelessly interfered with ; and the officers of police, however necessary and valuable they may be as conservators of order and in the enforcement of law, must keep themselves within the limits of the law, and not assume functions unless given in the law.
That the defendants acted under and in pursuance of the orders of the captain of the precinct, does not relieve them from responsibility for their act. Neither they nor the captain could make the arrest without a warrant. ,
Upon all the facts before us, I am of the opinion that the defendants were trespassers, and liable to arrest under the 179th section of the Code.
The order should be affirmed with costs and disbursements.
Sedgwick, J., concurred.