HENRY WILLS *vs.* ANDREW JORDAN.

WASHINGTON—JULY 15, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

An officer may arrest without warrant on reasonable suspicion, founded either on his own knowledge or information from others, that a felony has been committed ; but to justify him in acting on information it must come from creditable persons.

A mere statement of one confessing himself guilty of felony, uncorroborated by trustworthy information from others, or by facts or circumstances affording reasonable grounds of suspicion, is insufficient to justify such arrest.

TRESPASS against an officer for false imprisonment. Heard on plaintiff's demurrer to defendant's plea of justification.

MATTESON, C. J. This is an action of trespass for false imprisonment. The defendant pleads in justification that he is a constable, and that as such he arrested the plaintiff on reasonable and just suspicion that the plaintiff had been one of the principals in the commission of a burglary, and on the information given to him by two others who were also principals in the crime and had confessed their guilt. The plain-

tiff demurs to the plea, and assigns as ground of demurrer that the plea does not state specific grounds sufficient to warrant the defendant in having suspected the plaintiff to be a principal in the felony mentioned in the plea.

The demurrer admits the allegation of the commission of the felony set forth in the plea, so that the question resolves itself into this—did the information given to the defendant by the two men who had been arrested for the crime, and who had confessed their guilt, justify a reasonable suspicion of the plaintiff's guilt?

In Murfree on Sheriffs, § 1161, it is stated that an officer may arrest without a warrant on reasonable suspicion, founded either on his own knowledge or information from others, that a felony has been committed. We think, however, that to justify an officer in acting on the bare information which he receives from others, the information must come from creditable persons.

In *Isaacs* v. *Brand,* 2 Stark, 167, Lord Ellenborough held that a constable was not justified in apprehending and imprisoning without a warrant a person on suspicion of having received stolen goods, on the mere assertion of one of the principal felons. In *Hogg* v. *Ward,* 4 H. & N. 423, Watson, Baron, remarks that to justify an arrest without warrant, "the charge must be reasonable as regards the subject matter and the person making it." See also *Holly* v. *Mix,* 3 Wend. 350, in which it is said that an officer would be justified in arresting without a warrant, even if no felony had been committed, if he acted on information from another on which he had reason to rely. And see *Wade* v. *Chaffee,* 8 R. I. 224.

We do not think that the mere statement of one confessing himself guilty of felony, uncorroborated by trustworthy information from others, or by any fact or circumstance affording reasonable ground of suspicion against the plaintiff, was sufficient to justify the defendant in arresting him, and, therefore, our opinion is that the demurrer should be sustained and the plea overruled.

*Arthur Cushing,* for plaintiff.

*Albert B. Crafts,* for defendant.