Opinion.

---

# Richmond.

## HILL v. SMITH, SERGEANT.

### November 29, 1907.

1. ARREST WITHOUT WARRANT—*Subsequent Procedure*—*"Suspicious Character"*—*Habeas Corpus.*—An officer may, without a warrant, arrest one whom he has reasonable ground to suspect of having committed a felony. He should then take the prisoner before the proper officer, who should, without unnecessary delay, formulate a specific complaint in writing against the prisoner, informing him of the offense of which he stands accused; and upon this complaint, he may be lawfully held until the case is disposed of according to law, and, if cause be shown by the commonwealth, the hearing may be postponed a reasonable time, not exceeding ten days at one time, without his consent. But a person charged with no offense cannot be held in custody merely as a "suspicious character," and if so held, he may obtain his discharge on *Habeas Corpus.*

Original application for *Habeas Corpus.*

*Prisoner Discharged.*

The opinion states the case.

*David Meade White,* for the petitioner.

*Minitree Folkes,* for respondent.

KEITH, P., delivered the opinion of the court.

At a former day of this term, Claude Hill filed a petition before this court, stating that on November 19, 1907, he was

arrested, and on the following day, to-wit: November 20, 1907, was taken before the police justice of the city of Richmond, and there, for the first time learned that he was charged with "being a suspicious character," and without a hearing, was committed to the jail of the city of Richmond by the police justice of said city. The petitioner states "that he has not committed any offense against the laws of the commonwealth of Virginia; that he has not violated any of the laws or statutes of the United States; and, therefore, prays that the commonwealth's writ of *habeas corpus* may issue, directed to the sergeant of the city of Richmond, commanding him to bring the prisoner before this court.

In accordance with that petition, a writ was issued, directed to the sergeant of the city of Richmond, and commanding him to bring before this court, immediately after the receipt of the writ, the body of Claude Hill, which was accordingly done.

From the return of the sergeant of the city of Richmond, it appears that Hill is detained by virtue of a *mittimus,* which is in the following words:

"City of Richmond, to-wit:

*"To the Keeper of the Jail of said City:*

"Receive into your jail and custody the body of Claude Hill, charged before me, on oath of F. M. Kraft, suspicious character, and him safely keep until the 30th day of November, 1907, when you are required to have him before me, or some other justice of the peace of said city, at the police justice's court, at 9:30 o'clock of said day, to be further examined on said charge and dealt with according to law; said examination being thus continued for material witnesses for the commonwealth.

"Given under my hand and seal, this 20th day of November, 1907.

(SEAL)        "JNO. J. CRUTCHFIELD, Police Justice."

By section 8 of the bill of rights, constitution of Virginia, 1902, it is provided that, "no man shall be deprived of his life or liberty except by the law of the land or the judgment of his peers."

It was held by this court in *Muscoe's case*, 86 Va. 443, 10 S. E. 534, that a constable may, by virtue of his office, without warrant, arrest for felony, or upon reasonable suspicion of felony, or for misdemeanors committed in his presence, and take the accused before a magistrate; and that a police officer cannot be authorized by municipal ordinances to do more.

And so, a party may be arrested without a warrant upon suspicion of having committed a criminal offense. Bishop on Crim. Proc., Vol. 1, sec. 182, And where one is arrested and brought before a magistrate without a warrant, nothing further is required to give him jurisdiction, for being already in custody, there is no reason to issue a warrant for his apprehension; but a written complaint or information against the defendant, setting out his offense, is as necessary in such a case as in any other. Sec. 179.

In the *Matter of Arthur Henry*, before the New York Supreme Court, 29 Howard Prac. (N. Y.) 185, it is held, that where an officer arrests a prisoner for felony on telegraphic or other satisfactory dispatches, without warrant, it is his duty, equally as if the arrest had been made by warrant, to take the arrested party without any unnecessary delay before some officer, who can take such proofs as may be offered, or if the circumstances will justify it, hold him for further examination. If this is not done with reasonable diligence, the party arrested can apply for a *habeas corpus*, calling on the officer to show cause why he is detained. And on the return of the writ, the rule is that, where the arrest is upon suspicion and without warrant, proof must be given to show the suspicion to be well founded. If no such proof is offered, it is the duty of the officer to discharge the party. In the course of its opinion, the

court said further that, "The rule is that a private person even may arrest a party, if a felony has in fact been committed, and there was reasonable ground of suspicion; but in the case of an officer, he is justified in making an arrest if no felony was in fact committed, if he acted upon information from another on which he had reason to rely. This is the well settled rule in the English courts, sanctioned and followed in this state in the case of *Holley* v. *Mix,* (N. Y.) 3 Wend. 350, 20 Am. Dec. 702."

It appears from the affidavits in this case that there had recently been committed within the city of Richmond a felony of the gravest nature. Acting upon information in his possession, the police officer arrested Claude Hill upon suspicion of being the perpetrator of this crime. Instead of charging him, however, with being suspected of this specific offense, he was arrested and is held merely as a suspicious character.

We are of opinion that it was proper for the officer to arrest the prisoner, if he had reasonable ground to suspect him of having committed a felony, or the felony to which allusion has already been made; and that, having arrested and taken him before the police justice under such circumstances, it became the duty of the police justice, without unnecessary delay, to formulate a specific complaint in writing against the prisoner, informing him of the offense with the commission of which he stands accused, upon which complaint the prisoner may lawfully be held until the case is disposed of according to law; and if cause be shown by the commonwealth, the hearing may be postponed for a reasonable time, not exceeding ten days at one time, without his consent. Va. Code (1904), sec. 3963. But it appearing that the course indicated has not been pursued in this instance, we are of opinion that the detention of the prisoner is unlawful. The distinction is broad between holding a prisoner because he is suspected of the commission of a specific offense for such reasonable time as enables the common-

wealth to investigate his connection with it, and the proceeding in this case of holding him upon a warrant which merely charges that he is a suspicious character.

We are, for these reasons, of opinion that the return of the sergeant of the city of Richmond does not show that the prisoner is held in accordance with the law of the land, and that he is entitled to his discharge.

*Prisoner Discharged.*