JAMES C. McCAFFREY *vs.* NATHANIEL B. THOMAS.

*False Imprisonment—Evidence—Ordinances of town council—Town;
Charter of—Earnings of defendant—Mitigation of dam-
ages—Bailiff of town—Powers of arrest; Without
Warrant; Within View—Disorderly con-
duct—Drunkenness—Interference
with officer—Damages,
Exemplary.*

1. In an action for damages for false imprisonment the Secretary of the town council testified that a certain book contained the ordinances of the said town as regularly adopted at a meeting of the council. *Held* that the ordinance was admissible, and that it was not incumbent upon the defendant to show that the ordinance was authorized by the act of incorporation of said town.

2. It may be shown at the trial, in mitigation of damages, what the defendant earned.

3. Where an arrest is made by an officer without warrant the burden is upon him to show reasonable cause or grounds for the arrest. But a peace officer, such as a town bailiff, may arrest a person without a warrant if such person commits an offense in the presence and view of the officer for which he would have the right to make the arrest with a warrant if committed without his presence and view.

4. Under the provision of the town charter "That said town council shall have authority to make such regulations and ordinances for the government of the town as they shall deem proper and necessary," the council has the power to adopt an ordinance making it an offense for any one " to be drunk, noisy and disorderly within the limits of said town."

5. It being provided in the charter of the town of Milford that " the town bailiff shall have all the power nnd authority within the limits of said town of a constable in and for Kent and Sussex Counties, as to the cognizance of all breaches of the peace and other offenses within said town," the bailiff of the town has the power and right to arrest any person who is drunk, noisy and disorderly within the limits of the town, without the requisition provided for in Section 15 of the charter, provided the offense is committed within the view and presence of the bailiff; the provision respecting the requisition of the alderman or member of council is merely additional and auxiliary to the power conferred upon the bailiff in the earlier part of said Section.

6. False imprisonment is the unlawful detention of the person of another against his will. Where the imprisonment was unlawful the plaintiff, in an action therefor, is entitled to recover such damages as will reasonably compensate him for

such injuries as he may have alleged and proved as the result of such false imprisonment including therein such damages as he may have sustained as the natural and reasonable consequence of any indignity, ridicule and humiliation he may have alleged and proved as the consequence of the false imprisonment.

7.   If it is shown by the testimony that the plaintiff at the time of the arrest, was interfering with the bailiff in the discharge of his legal duties, he was "disorderly" within the contemplation of the law ; and the jury may take into consideration the acts, words and conduct of the plaintiff an hour or two before the arrest, in determining whether there was any such interference, if the two occurrences constituted in fact but one transaction.

8.   Exemplary damages cannot be awarded under the evidence.

9.   What damages may be awarded.

(*November 11, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Alexander Daly* and *John B. Hutton* for plaintiff.

*Henry Ridgely, Jr.,* and *W. Watson Harrington* for defendant.

Superior Court, Kent County, October Term, 1903.

ACTION OF TRESPASS ON THE CASE (No. 97, October Term, 1901) for damages for FALSE IMPRISONMENT.

Defendant proved by the Secretary of the town council of Milford that a certain book contained the ordinances of said town as regularly adopted at a meeting of the town council, and then offered the said ordinances in evidence.

Objected to by plaintiff because it is not shown that the ordinance under which the defendant claims to have acted in making the arrest was authorized by the act of incorporation of said town.

PENNEWILL, J. :—We think the ordinance is admissible.

(Defendant was asked by his counsel how much he earned. Objected to by plaintiff's counsel as irrelevant and not in reply to

anything introduced in evidence by plaintiff. Defendant contended that the evidence was proper as going in mitigation of damages, citing *Jarvis vs. Manlove, 5 Harr. 452*).

PENNEWILL, J.:—Upon the authority of the case of *Jarvis vs. Manlove, 5 Harr. 452*, we think the question is admissible.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—This is an action brought by James C. McCaffrey the plaintiff against Nathaniel B. Thomas the defendant to recover damages for an alleged false imprisonment of the former by the latter on August 18, 1901, in the town of Milford in this county. The plaintiff alleges, substantially, that at that time he was arrested and imprisoned by the defendant without any reasonable or probable cause ; and that by reason of said arrest and imprisonment he was injured, suffered great pain, was hindered from transacting his necessary business, and was exposed to indignity, ridicule and humiliation, and thereby injured in his credit and circumstances.

The defendant admits that he did as town bailiff of said town of Milford arrest and imprison the plaintiff at the time alleged, but denies that he used unnecessary or unreasonable violence, or that he acted without reasonable or probable cause. He seeks to justify said arrest and imprisonment upon two grounds ; (1) That the plaintiff at the time of the arrest committed an assult and battery upon the defendant, and for said offense he arrested and imprisoned the plaintiff, as it was his duty and he was authorized to do as said town baliff under the law. (2) That the plaintiff just before the arrest and imprisonment was drunk, noisy and disorderly, which was an offense under the law, and for the commission of which the defendant arrested and imprisoned the plaintiff as it was his duty, and he was authorized to do, under the law, as said town bailiff.

It is admitted by the plaintiff that the defendant at the time of the arrest was a town bailiff of the town of Milford ; and it is ad-

mitted by the defendant that he made the arrest without any warrant having been issued to him for such arrest. The defendant, however, contends that the alleged offenses committed by the plaintiff, and for which he was arrested, were committed in the view and presence of the defendant, and that in such case he was justified under the law in making the arrest without warrant provided he acted upon reasonable and probable cause, that is, had reasonable grounds to make the arrest and imprisonment. We will say to you that where an arrest is made by an officer without warrant the burden is upon the officer, in a case like this, to show reasonable cause or grounds for the arrest. But it is also a well settled principle of law that a peace officer, such as a town baliff, may arrest a person without a warrant if such person commits an offense in the presence and view of the officer for which he would have the right to make the arrest with a warrant if committed without his presence and view. Under *Section 11, Chapter 161, Vol. 18, Laws of Delaware*, entitled " An act to incorporated the town of Milford " it is provided " That said town council shall have authority to make such regulations and ordinances for the government of the town as they shall deem proper and necessary." Under such provision we think said town council had the power to adopt the ordinance making it an offense for any one " to be drunk, noisy and disorderly within the limits of said town."

Section 15 of said act provides that " the town bailiff of said town should have all the power and authority within the limits of said town of a constable in and for Kent and Sussex Counties, as to the cognizance of all breaches of the peace and other offenses within said town." We say to you therefore that the town bailiff of Milford had the power and right to arrest any person who was drunk, noisy and disorderly within the limits of said town notwithstanding the fact that said Section 15 also provides :

" It shall be the duty of the aforesaid president, councilmen, aldermen and bailiff, or of any justice of the peace and constable of Kent or Sussex counties, residing in said town, to suppress all

riotous, turbulent, disorderly conduct of any person or persons or disorderly or noisy assemblages, or gatherings of any person or persons in the street, lanes or alleys of the said town, or in any house situated therein after night, or on the Sabbath day or at any time or season whatever ; and for this purpose it shall be the duty of the said bailiff or any constable, upon the requisition of the alderman or of any member of said council and without further warrant, forthwith to seize and arrest any such person or persons so offending and to carry him or them before the said alderman or any justice of the peace resident in said town, and upon conviction before the said alderman or justice of the peace as aforesaid, whose duty it shall be to hear and determine the case the said alderman or justice of the peace, shall sentence any such person or persons so convicted to pay a fine not exceeding ten dollars and commit the party to the lockup or jail, for any period not more than five days or until said fine and the costs be paid."

It is our opinion that this provision is merely additional and auxiliary to the power conferred upon the town bailiff in the earlier part of said section, and does not prevent the bailiff from making an arrest, without any requisition of the alderman or member of council, of any one committing the offense of being drunk, noisy or disorderly within the limits of said town, when said offense is committed within the view and presence of said bailiff.

In the case before you, gentlemen, the plaintiff charges that he was falsely imprisoned by the defendant without reasonable or probable cause.

False imprisonment may be defined to be an unlawful detention of the person of another against his will.—*12 A. and E. Ency. of Law (2 Ed.), 721.*

The gist of the action is the unlawful detention ; and if one person is unlawfully detained by another against his will, it is within the meaning of the law false imprisonment. In every case where an imprisonment is unlawful the plaintiff is entitled to recover such damages as will reasonably compensate him for such

injuries as he may have alleged and proved as the result of such false imprisonment, including therein such damages as he may have sustained as the natural and reasonable consequence of any indignity, ridicule and humiliation he may have alleged and proved as the consequence of said false imprisonment. If it is shown by the testimony that the plaintiff at the time of the arrest was interfering with the bailiff in the discharge of his official duties, he was "disorderly" within the contemplation of the law; and you may take into consideration the acts, words and conduct of the plaintiff at the lock up, an hour or two before the arrest, in determining whether there was any such interference. The two incidents or occurrences were so continuous and inseparably connected the one with the other, as shown by the testimony, that they cannot be disconnected. In effect both occurrences constituted one transaction, and may be so considered by you.

In considering this case you are to confine yourselves, in the matter of damages, to such as you shall believe the plaintiff may have sustained as the result of the false imprisonment only. The plaintiff has admitted that he makes no claim for damages for an assault and battery. And we further instruct you that in this case you cannot in any event award to the plaintiff any other than what you believe to be nominal damages, or damages for injuries sustained by the plaintiff as the result of the alleged imprisonment. Under the evidence in this case you cannot award exemplary, punitive or vindictive damages. We think, and so instruct you, that this is not a case in which such damages may be awarded.

Now gentlemen, if you believe from the testimony that the defendant did arrest and imprison the plaintiff, as alleged by the plaintiff, and that he the defendant had not reasonable or probable cause or grounds for so doing, under the law as we have defined it to you, then your verdict should be for the plaintiff, and for such sum as you believe from the testimony would reasonably compensate the plaintiff for any injuries you may believe him to have sustained as the result of such false imprisonment.

If on the other hand you believe that the plaintiff was drunk, noisy or disorderly at the time of the arrest, or had then committed an assault upon the defendant; or if you believe that the defendant had reasonable ground to believe that the plaintiff was drunk, noisy or disorderly, even though he was not in fact in such condition, in either case it was not only the right, but the duty of the defendant to make the arrest, and your verdict should be for the defendant. In other words if you believe from the testimony that the defendant had reasonable or probable cause or grounds for making the arrest and imprisonment, your verdict should be for the defendant.

Verdict for defendant.