Opinion.

# Wytheville.

## BOB WILLIAMS AND CHARLEY KIRK v. COMMONWEALTH.

### June 25, 1925.

1. OBSTRUCTING JUSTICE—*Powers of Special Policemen Appointed under Code of 1919, Section 4797—Conservators of the Peace.*—Special policemen, appointed under Code of 1919, section 4797, are peace officers—conservators of the peace—and there is no limitation upon their power to arrest persons charged with a felony, and found within their territorial jurisdiction, and, when actually in pursuit, to arrest persons outside of the counties for which they have been appointed, and hence they are within the protection of section 4525 of the Code of 1919 relative to intimidating and impeding officers in the discharge of their duty.

2. ARREST—*Arrest without Warrant—Felony.*—The general power of peace officers to arrest persons charged with a felony, without a warrant, is perfectly well settled.

3. ARREST—*Arrest without Warrant—Misdemeanor.*—In misdemeanor cases a warrant is necessary, unless the offense is committed in the presence of the officer making the arrest.

4. ARREST—*Arrest without Warrant—Fugitive from Justice from Another State.*—In accordance with sound reason, the better view of the authorities, and for the efficient enforcement of the laws relating to extradition for crime, it is held that one charged with a felony in another State may be arrested without a warrant in this State, though of course a proper warrant should be procured, and the charge formulated as soon as possible.

Error to a judgment of the Circuit Court of Lee county.

*Affirmed.*

The opinion states the case.

*Pennington & Pennington* and *Geo. P. Cridlin,* for the plaintiffs in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused were jointly tried, and have been found guilty under Code section 4525, of an attempt by force and arms to intimidate and impede certain special policemen in the discharge of their duty while these officers had J. W. Short in their custody, charged with a felony committed in the State of Kentucky.

1.   The first assignment of error is that the trial court erred in giving the following instruction:

"The court instructs the jury that if they believe from the evidence in this case, beyond a reasonable doubt, that C. H. Redman had information from the authorities of the State of Kentucky that one J. W. Short was wanted in Kentucky for horse stealing, and acting upon this information had had the said Short arrested, and that A. P. Newton, a peace officer of this county, had made the arrest of the said Short and had brought him, the said J. W. Short, to the town of St. Charles and had delivered him over into the custody of the said C. H. Redman, a peace officer of said county, and that while the said Redman was communicating with the sheriff of Harlan county, Ky., where the said prisoner was wanted, the said defendants or either of them did by threats or force or the presenting of fire arms attempt to intimidate or impede the said Redman or any one whom the said Redman had in charge of said prisoner from holding and bringing said prisoner to jail, you will then find the defendants guilty and fix their punishment so that the same does not exceed a fine of $500.00 or imprisonment in jail not exceeding twelve months or both, in the discretion of the jury."

[1] The contention is made from two aspects:

(a) In the first place it is said that as the officers who had Short in custody were special policemen, appointed under Code, section 4797, their authority to arrest was limited to offenses committed against the criminal laws of this State.    This is based upon the language found in Code, section 4802, reading: "It shall be the duty of said police to apprehend and carry before a justice to be dealt with according to law all persons whom they may be directed by the warrant of a justice to apprehend, or whom they have cause to suspect have violated or intend to violate any law of the State."

If there were no other provisions of the statute, and it had been intended by this language to limit and define all of the duties of such officers, the contention would doubtless be sound; but there are other parts of the statute which must be also considered.    By section 4797 such persons so appointed are made conservators of the peace in their respective counties.    By section 4801 their jurisdiction is limited to the county in which they are appointed, but their authority extends throughout the State when actually in pursuit of persons accused of crime, as well as when acting under authority of a duly executed warrant for the arrest of the person accused of committing a crime.    They are conservators of the peace, and the general frame of the statute clearly indicates that they have the general power, authority and duties of other peace officers.

It is said in *McClannan* v. *Chaplain*, 136 Va. 12, 116 S. E. 497, that "the office of conservators of the peace is a very ancient one, and their common law authority to make police inspection, without a search warrant, extends throughout the territory for which they are elected or appointed, as the case may be, in private as well as in public places, and upon private as well as public prop-

erty, unless inhibited from entry for such purpose without a search warrant by some rule of the common law, or by Constitution, or by statute."

The statute under which the accused were prosecuted, Code section 4525, thus defines the crime: "If any person, by threats, or force, attempt to intimidate or impede a judge, justice, juror, witness, or an officer of a court, or any sergeant, constable, or other peace officer, or any revenue officer, in the discharge of his duty, or to obstruct or impede the administration of justice in any court, he shall be deemed to be guilty of a misdemeanor."

That these special policemen are peace officers—conservators of the peace—is quite apparent, and there is no limitation, so far as we are advised, upon their power to arrest persons charged with a felony and found within their territorial jurisdiction, and as has been shown, when actually in pursuit, to arrest persons outside of the counties for which they have been appointed. The clause of the statute quoted from section 4802 is not intended to limit their general authority as peace officers conferred by section 4797.

[2-4] (b) The other objection to the instruction is based upon the fact that the arrest was made without a warrant for a felony committed outside of the State. The general power of peace officers to arrest persons charged with a felony, without a warrant, is perfectly well settled in this State and elsewhere. *Muscoe* v. *Commonwealth*, 86 Va. 443, 10 S. E. 534; *Hill* v. *Smith*, 107 Va. 848, 59 S. E. 475.

The precise question has not, so far as we know, previously arisen in this State, where the alleged felony was committed outside of this jurisdiction, but it has arisen elsewhere. The weight of authority and reason support the power to arrest the accused wherever found in such instances. Some confusion has arisen because the rule

is different where the accused·is charged with a misdemeanor. In misdemeanor cases, a warrant is necessary, unless the offense is committed in the presence of the officer making the arrest. *Bourne* v. *Richardson*, 133 Va. 441, 113 S. E. 893; *Crosswhite* v. *Barnes*, 139 Va. 482, 124 S. E. 242.

In Beale's Criminal Pleading & Practice, section 24, it is stated, without qualification, that one may be arrested without a warrant for a felony committed in another State, and for this statement he cites: *R.* v. *Kimberley*, 2 Stra. 848; *Morrell* v. *Quarles*, 35 Ala. 544; *State* v. *Buzine*, 4 Harr. (Del.) 572; *Simmons* v. *Vandyke*, 138 Ind. 380, 37 N. E. 973, 26 L. R. A. 33, 46 Am. St. Rep. 411 (*semble*); *In re Fetter*, 23 N. J. L. 311, 57 Am. Dec. 382; *People* v. *Schenck*, 2 Johns. (N. Y.) 479; *Com.* v. *Deacon*, 10 S. & R. (Pa.) 125 (*semble*).

One of the early cases in this country is *State* v. *Anderson*, 1 Hill, Law (S. C.) 327. It is there shown that at common law all persons guilty of treason or felony may be arrested without a warrant for the prevention of crime and the public security. Certain it is that under the extradition law, persons charged with treason, or felony, may be arrested, delivered up and removed from the State where apprehended to the State having jurisdiction of the crime, and the case holds, upon sufficient reasoning, that it is only necessary to show that the accused is charged with treason, or felony, committed in another State to justify the arrest without a warrant.

A more recent case is that of *State* v. *Taylor*, 70 Vt. 1, 39 A. 447, 42 L. R. A. 673, 67 A. S. R. 648. It is there held, following *State* v. *Anderson*, *supra*, that the peace officer in Vermont, having reasonable cause to believe that the accused persons had committed burglary in New York, was authorized to arrest them without a warrant, and detain them, in advance of a demand for their return by the Governor of the State from which

they had fled.   Any other rule would greatly encourage fugitives from justice and defeat the administration of the criminal law.

A contrary view was inadvertently indicated in *Williams* v. *Commonwealth*, 128 Va. 715, 104 S. E. 859; but this was because of the failure sufficiently to distinguish between felonies and misdemeanors.   It was unnecessary for the decision of that case, and the statement is followed by this: "The question is an open one in Virginia, and it is unnecessary for us, in this case, to decide it, for the reason that it clearly appears from the testimony of the accused that no lack of authority of the persons who arrested him influenced his conduct in any way."

We now desire here to close this question, and hold, in accordance with sound reason, the better view, and for the efficient enforcement of the laws relating to extradition for crime, that one charged with a felony in another State may be arrested without a warrant in this State, though of course a proper warrant should be procured and the charge formulated as soon as possible.

The arrest in this case having been made by peace officers upon the charge of felony, was a legal arrest, and hence the assignment is not well taken.

The instruction correctly propounded the law.

2. As to the assignment that the evidence is insufficient to support the verdict, it is only necessary to say, that while it is conflicting and confusing, it supports the conclusion of the jury that the accused, who were also police officers claiming to be superior in authority to the special policemen for the county, attempted by force and arms to intimidate and impede them in the discharge of their duty and to take the prisoner, Short, away from them.

*Affirmed.*