# Richmond

## MONTGOMERY WARD & COMPANY, A CORPORATION v. MELVIN WICKLINE.

November 22, 1948.

Record No. 3395.

Present, All the Justices.

*Charles Henry Smith* and *Frank L. Ball*, for the plaintiff in error.

*Paul Lyne Delaney*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Melvin Wickline, hereinafter called the plaintiff, instituted an action against the defendant, Montgomery Ward & Company, a corporation, by notice of motion for judgment in the court below, seeking damages for false imprisonment. The notice alleged that on the evening of November 30, 1946, while the plaintiff and a friend, James C. Taylor, were leaving the defendant's store, where they had been shopping, they were, "at the suggestion of the defendant's servants, agents and employees," "without any sufficient legal excuse," "placed in restraint" and searched by a police officer and charged with the theft of a small article of merchandise of the approximate value of seventy-five cents. It further alleged that later, at the request of the defendant's servants, agents and employees, the plaintiff and Taylor were arrested and taken by the officer to the police station where they were held until they were released upon bail for their appearance in the police court.

The defendant filed a plea of not guilty. The trial before a jury resulted in a verdict of $750 for the plaintiff, upon which the lower court entered judgment.

The first assignment of error is that the lower court erred in failing to set aside the verdict, because, it is said, it is contrary to the law and the evidence and without evidence to support it.

In the main the evidence is not in dispute. Montgomery Ward & Company operates a store in the city of Alexandria, which was at the time under the charge of Charles R. Wells, as manager, and Herman A. Jacoby, as assistant manager.

The plaintiff testified that on the night of Saturday, November 30, 1946, he and Taylor were shopping in the store, where they had been regular customers for some time and where each had a charge account. As they passed through the front door of the store and reached the sidewalk they were accosted by a police officer who had been notified by Jacoby that one of the two men had stolen a small tool from a counter in the hardware department. In the presence of both Wells and Jacoby the two men were searched. During the progress of the search, Wells told the officer that the plaintiff (Wickline) had passed or delivered the tool to Taylor as the two customers were leaving the store. The tool was found in Taylor's pocket.

Jacoby testified that he had seen Wickline take the implement from the counter a short while before the two men left the store. Wells testified that he had seen Wickline pass the implement to Taylor as the two men were leaving.

Both Wickline and Taylor denied that either had stolen the tool. Taylor said that he had purchased it earlier during the day on a previous trip to the store. Taylor was taken into the store and asked to identify the saleswoman who had sold him the article. He was unable to do so. When found on his person the tool was unwrapped and unaccompanied by a sales ticket.

It is admitted that the officer came to the store at the request of Jacoby, who notified him of the incident and was authorized to call him. It is uncontradicted that Wickline and Taylor were searched by the officer in the presence of Wells and Jacoby and at their direction.

Both Wickline and Taylor were taken by the officer to the police station where, for the first time, a warrant was issued for their arrest, charging them with petty larceny.

Over the objection of the defendant it was shown that

at a hearing in the police court they were acquitted of the charge.

In Burks' Pleading and Practice, 3d Ed., section 143, p. 246, it is said: "False imprisonment is restraint of one's liberty without any sufficient legal excuse therefor by word or acts which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intention is necessary to constitute the offense." See also, *Kress & Co.* v. *Musgrove*, 153 Va. 348, 356, 149 S. E. 453.

"The gist of the action is the illegal detention of the person, without lawful process, or the unlawful execution of lawful process." *Kress & Co.* v. *Roberts*, 143 Va. 71, 75, 129 S. E. 244.

It is firmly settled that a peace officer may legally arrest, without a warrant, for a misdemeanor committed in his presence, but that a warrant is necessary where the offense is not committed in his presence. *Crosswhite* v. *Barnes*, 139 Va. 471, 478, 124 S. E. 242, 40 A. L. R. 54; *Williams* v. *Commonwealth*, 142 Va. 667, 671, 128 S. E. 572.

Moreover, to justify the arrest for a misdemeanor not committed in his presence, the officer must have the warrant with him at the time. *Crosswhite* v. *Barnes, supra* (139 Va., at page 478).

In the case before us the alleged misdemeanor or theft of the article from the store was not committed in the presence of the officer, and hence the arrest of the plaintiff without a warrant was illegal and constituted false imprisonment.

Since it further appears, without contradiction, that the arrest of the plaintiff was at the instance and direction of the defendant's employees, who acted within the scope of their authority, the plaintiff's evidence made out a case against the defendant company. See *Long* v. *Eagle 5, 10 and 25¢ Store Co.*, 214 N. C. 146, 198 S. E. 573, where the circumstances of the detention and search were quite similar to those in the case before us.

The defendant company argues that the circumstances were such as to justify the arrest of the plaintiff and his

companion, if not to show that they were guilty of the charge which was placed against them. This is beside the point. It confuses an action for false imprisonment with an action for malicious prosecution.

In an action for false imprisonment, as distinguished from an action for malicious prosecution, the good faith of the defendant in causing the arrest, or probable cause therefor, is no defense to a claim for actual or compensatory damages sustained in consequence thereof. *Crosswhite* v. *Barnes*, *supra* (139 Va., at page 485); 22 Am. Jur., False Imprisonment, section 109, p. 424. The plaintiff makes out a case for compensatory damages when he shows that he has been illegally detained without lawful process.

Where punitive damages are claimed, evidence of want of probable cause is admissible to enhance the damages, and, conversely, a showing of probable cause is admissible to mitigate the damages. *Sands & Co.* v. *Norvell*, 126 Va. 384, 399, 101 S. E. 569; *Crosswhite* v. *Barnes*, *supra* (139 Va., at page 485). But here there was no claim for punitive or exemplary damages.

In our opinion the evidence before us amply supports the verdict in favor of the plaintiff for compensatory damages.

The second assignment of error is that the court erred in permitting the plaintiff to show, over the defendant's objection, that he had been acquitted of the charge upon which he was illegally detained.

While the precise question has not been previously presented to us, we dealt with the converse of it in *Crosswhite* v. *Barnes, supra*. That was an action for false imprisonment in which compensatory damages only were claimed. We held (139 Va., at pages 484, 485) that evidence that the plaintiff had been *convicted* of the charge upon which she had been illegally arrested was not admissible.

Upon the same principle we think the evidence of the plaintiff's *acquittal* of the charge in the present case is likewise immaterial. Neither the conviction nor acquittal of the principal charge throws any light on whether the

plaintiff here was arrested without lawful process. See 35 C. J. S., False Imprisonment, section 56-c, pp. 595, 596.

The subject was recently before the highest court of Massachusetts in *Pilos* v. *First Nat. Stores*, 319 Mass. 475, 66 N. E. (2d) 576. There the plaintiff was illegally arrested by a police officer, at the direction of an employee of the store, for shoplifting. In an action for slander, false arrest and assault, she recovered a verdict and judgment. The judgment was reversed because of the error in the trial court in permitting the plaintiff to show, in support of the action for false imprisonment, that she had been acquitted in a criminal court of the alleged larceny charge. Of this the court said:

" * * * The legality of the alleged arrest and detention of the plaintiff did not depend upon the same considerations as did the subsequent disposition of the complaints against her, and evidence of acquittal on a complaint is held incompetent in an action for false arrest and imprisonment. *Fitzgerald* v. *Lewis*, 164 Mass. 495, 501, 41 N. E. 687; *Zygmuntowicz* v. *American Steel, etc., Co.*, 240 Mass. 421, 426, 134 N. E. 385. * * * If, however, the action had been for malicious prosecution instead of for false arrest and imprisonment, the record of acquittal would have been competent, since proof that the plaintiff had been acquitted in the prosecution would then have been an essential part of her case. (Citing authorities.) In malicious prosecution, too, a record of conviction in a lower court is competent to show probable cause. (Citing authorities.) But malicious prosecution is a wrong quite distinct from false arrest and imprisonment, and recovery is governed by different principles. * * * " (66 N. E. (2d), at page 577.)

See also, *McCaffrey* v. *Thomas*, 20 Del. 437, 56 A. 382.

Hence, we are of opinion that the trial court erred in permitting the plaintiff to show that he was subsequently acquitted of the charge upon which he had been illegally detained.

Error is likewise assigned to the action of the trial court in permitting the plaintiff to show, over the objection of

the defendant, that Wells and Jacoby offered to withdraw the charge provided the plaintiff and his companion, Taylor, would admit their guilt and pay for the tool.

In our opinion this assignment is well taken. At best, the offer to withdraw the charge tended to show that there was a want of probable cause for making it, which, as we have seen, is not an essential element in the present action.

For the errors of the trial court in admitting the evidence discussed in the second and third assignments of error, the judgment is reversed and the case is remanded for a new trial in conformity with the principles here announced.

*Reversed and remanded.*