**MONTGOMERY WARD & CO., Inc. v. FREEMAN.**

No. 6488.

United States Court of Appeals Fourth Circuit.

Argued Oct. 14, 1952.

Decided Nov. 5, 1952.

Daniel W. Wilkinson, Jr., and Charles E. Ford, Newport News, Va. (Murray, Ford, West & Wilkinson, Newport News, Va., on brief), for appellant.

Percy Carmel, Hampton, Va., and Wesley R. Cofer, Jr., Phoebus, Va. (Kearney & Cofer, Phoebus, Va., and Carmel & Carmel, Hampton, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This action, as originally brought, claimed damages from Montgomery Ward & Company, Inc. for false imprisonment and for malicious prosecution, which were alleged to have resulted from a charge that the plaintiff, Cora Lee Freeman, had stolen a number of zippers from a counter of the defendant's store in Newport News, Virginia. The complaint adequately charged both offenses; but in the midst of the trial in the District Court the plaintiff's attorneys were required to elect between the two causes of action, and they chose false imprisonment because of the difficulty of proving that the defendant lacked probable cause for the prosecution. The trial resulted in a verdict of $12,000 for the plaintiff; and the defendant appealed on the broad ground that the plaintiff had not made out a case of false imprisonment, and upon the additional grounds (1) that the judge failed to instruct the jury that the defendant was

722

entitled to detain the plaintiff for a reasonable time without a warrant pending an investigation if it had reasonable cause to believe that the plaintiff had taken goods from the store without paying for them; and (2) that evidence, which was relevant only to the charge of malicious prosecution, was presented to the jury so that it was led to award excessive damage for false imprisonment.

The evidence of the plaintiff disclosed the following situation: She was an elderly woman 63 years of age and was engaged from time to time in the business of paper hanging. She had dealt with the defendant store on prior occasions and about two weeks before her arrest on January 23, 1947 had purchased six zippers six inches in length, together with some other articles to be used in a garment she was making. On that date she again visited the store accompanied by her daughter and a small grandchild. Her purpose was to return the zippers because they were too long and to get five inch zippers in exchange, but she left her home hurriedly and could not say how many six inch zippers she brought back to the store. When she reached the store her daughter and grandchild left her to go to the rest room and she went to the proper counter in the store to make the exchange. She was told by the saleswoman that the exchange could not be made because she had not brought back the sales ticket of the original purchase and also because the store did not have any shorter zippers. However, she picked up a six inch zipper, supposing it was a five inch one, and gave it to the saleswoman with a one dollar bill telling her that it was a six inch zipper. The size of the article was plainly printed on the cellophane wrapper but the plaintiff had left her glasses at home and could not see. The saleswoman accepted the money and the zipper without comment and went to the cash register. The plaintiff also bought some sewing cotton. When she had completed the purchases and was waiting for her change she was rejoined by her companions and after examining other articles on sale, they left

the store and stood near the entrance looking at the goods in the show windows.

Then began the actions on which the charge of false imprisonment was based. As the women stood near the entrance they were approached by a department manager of the store who pushed the plaintiff's face against the glass and asked her if she had some zippers in her handbag. According to the testimony of the daughter an arm came over as they stood looking in the window so that her mother could not move. The plaintiff replied that she had zippers in her handbag and the manager then took her by the arm and told her to return to the store. She did so willingly accompanied by her daughter, and he did not retain his hold upon her arm.

They were taken to a small room on the second floor of the store where they met the merchandise manager of the establishment. The plaintiff was pushed into a chair and questioned about the zippers, and it was made clear to her that she could not leave the room. The saleswoman, who had waited on the plaintiff, was brought in and related that she had seen the plaintiff pick up the zippers and put them in her handbag.

These proceedings consumed from five to ten minutes. In the meantime, the store had telephoned the police and in response two detectives came to investigate. When they learned the situation they told the management that they could not arrest the plaintiff without a warrant as they did not see the plaintiff commit the alleged offense. They, however, requested the plaintiff to go to the police station for further questioning and she went willingly with her daughter and the two detectives in an unmarked police car after she was told that she was not under arrest. At the station house she was treated courteously and gave the same account of her attempt to exchange the zippers. While there a warrant for larceny was sworn out by an agent of the defendant and served upon the plaintiff and she was finger-printed and released on her own recognizance

and then driven to her home by the officers.

Some months later the case was tried in the Police Court and the plaintiff was acquitted. Since her arrest she has suffered from shame and humiliation, her nerves have been bad, she has lost weight and been unable to sleep or to resume her customary occupation. However, she did not consult a physician.

We think that this evidence of what occurred before the plaintiff went to the station house voluntarily with the detectives was sufficient to take the case of false imprisonment to the jury under the law of Virginia, as set out in Montgomery Ward & Co. v. Wickline, 188 Va. 485, 489, 50 S.E.2d 387, 388

"'False imprisonment is restraint of one's liberty without any sufficient legal excuse therefor by word or acts which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intention is necessary to constitute the offense.' See also, Kress & Co. v. Musgrove, 153 Va. 348, 356, 149 S.E. 453.

"'The gist of the action is the illegal detention of the person, without lawful process, or the unlawful execution of lawful process.' Kress & Co. v. Roberts, 143 Va. 71, 75, 129 S.E. 244, 246.

"It is firmly settled that a peace officer may legally arrest, without a warrant, for a misdemeanor committed in his presence, but that a warrant is necessary where the offense is not committed in his presence. Crosswhite v. Barnes, 139 Va. 471, 478, 124 S.E. 242, 40 A.L.R. 54; Williams v. Commonwealth, 142 Va. 667, 671, 128 S.E. 572."

See also, W. T. Grant Co. v. Owens, 149 Va. 906, 921, 141 S.E. 860, 865, where it is said: "'any restraint put by fear or force upon the actions of another is unlawful, and constitutes false imprisonment unless a showing of justification makes it a true or legal imprisonment.' "

The plaintiff's account of her actions presented a state of facts from which it might have been inferred not only that she had committed no offense, but that she had done nothing to arouse the suspicions of a reasonable person, but nevertheless had been subjected to physical restraint in an improper manner; and hence there was no legal excuse for her detention against her will and without warrant in the office of the merchandise manager of the store.

There is substance, however, to the contention that the jury was not correctly instructed as to the right of the defendant to detain the plaintiff for questioning if the defendant had reasonable ground to believe that its property had been unlawfully taken. The saleswoman who waited upon the plaintiff was a department manager of the store and had been in its employ for nine years. She testified that Mrs. Freeman presented a couple of zippers and asked to exchange them, and was told that the store had nothing shorter, and that she then picked up one from the pile and said she would take it anyway and gave a dollar in payment. Thinking that it was strange that the customer had chosen something that she did not want, the saleswoman took the money to the cash register at a little distance from the plaintiff and looking back saw the plaintiff reaching into the bin and sticking some more zippers down in her bag. The saleswoman then placed the purchased zipper in a small bag together with some smaller articles and, acting under the rule of the establishment, telephoned to a manager of the store as to what she had seen. Other witnesses for the defendants gave evidence that the plaintiff returned to the store at the request of the department manager and that she was not physically mistreated or improperly handled in anyway, either when she was brought back into the store or in the office of the merchandise manager when she was questioned, and that after the arrival of the detectives she went with them voluntarily to the station house.

This testimony on behalf of the defendant presented a situation which justified the application of the rule of law in effect in Virginia and elsewhere that if an owner, acting in the exercise of his right to protect his property, has reason-

able grounds to believe that another is stealing it, he is justified in detaining the suspect for a reasonable length of time for the purpose of investigation in a reasonable manner. See W. T. Grant & Co. v. Owens, 149 Va. 906, 922, 141 S.E. 860; Restatement of Torts, §§ 77 to 88; Jacques v. Childs Dining Hall Co., 244 Mass. 438, 138 N.E. 843, 26 A.L.R. 1329; Collyer v. S. K. Kress & Co., 5 Cal.2d 175, 54 P.2d 20; Bettola v. Safeway Stores, Inc., 11 Cal. App.2d 430, 54 P.2d 24; Teel v. May Department Stores Co., 348 Mo. 696, 155 S.W.2d 74, 137 A.L.R. 495.

■■ The defendant requested the court to charge the jury to this effect, but the request was refused. The jury was told that if the manager, as the result of the saleswoman's report, had reasonable cause to believe that the plaintiff took the zippers from the store without paying for them, he had a right to request the plaintiff to return to the store for a reasonable time and to question her in investigating the circumstances, and to report the same to the police authorities; and if the jury found these facts, and if the plaintiff was not detained in the store against her will, there was no false imprisonment. In addition the jury was told that the principal issue was whether the plaintiff was detained against her will by employees of the defendant, and if they should so find, their verdict should be for the plaintiff. These instructions were too narrow. They took away from the jury the question of the reasonableness of the detention and required the jury to find for the plaintiff even though the jury should find that the detention was made only for a reasonable time and in a reasonable manner. On this account a new trial must be granted; and on this trial the instruction should submit the reasonableness of the detention to the jury and should set out the facts which, if found, would constitute reasonable grounds for the defendant's conduct. There is no material distinction in principle between the issue of reasonable grounds for detention in false imprisonment and the issue of probable cause in malicious prosecution, and the procedure for the submission of the issue to the jury

should be the same in both cases. See, Virginia Ry. & Power Co. v. Klaff, 123 Va. 260, 96 S.E. 244; Clinchfield Coal Corp. v. Redd, 123 Va. 420, 96 S.E. 836; Munger v. Cox, 146 Va. 574, 131 S.E. 841, 132 S.E. 687; Brodie v. Huck, 187 Va. 485, 47 S.E.2d 310. These authorities establish the rule in cases of malicious prosecution that if the facts leading to the prosecution are undisputed and lead to only one inference, the question of probable cause is to be decided by the court; but if the facts are in dispute or are susceptible of several inferences which lead to different conclusions, it is the duty of the judge to submit their credibility to the jury with instructions that the facts found do or do not amount to probable cause.

■ We think, however, that the plaintiff should not be required to elect between the two causes of action set out in the complaint but should be permitted to prosecute both, if desired, to final judgment. Rule 8(e)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provide that a party may state as many separate claims as he has, regardless of consistency, and whether based on legal or equitable grounds, or both; and Rule 81(c) provides that the rules shall apply to civil actions removed to the District Courts of the United States from the state courts and govern all procedure after removal. See Nachman Spring-Filled Corp. v. Kay Mfg. Co., 2 Cir., 139 F.2d 781; Reconstruction Finance Corporation v. Goldberg, 7 Cir., 143 F.2d 752; German v. Carnegie-Illinois Steel Corp., 3 Cir., 156 F.2d 977. Claims for false imprisonment and malicious prosecution are not infrequently joined in the same action, and questions relating to the damages recoverable under both claims may be covered by the court's instructions. In the present case the election to restrict the action to false imprisonment after evidence of the actions of the police officers at the police station and evidence of the plaintiff's acquittal, which was germane only to the claim for malicious prosecution, had been received, resulted in a verdict that was grossly excessive when considered as compensation for the brief detention of the plaintiff in the defendant's store before

the police took over. There was no evidence of false imprisonment on the part of the defendant in the actions of the parties after the plaintiff, being informed that she was not under arrest, willingly accompanied the police officers to the station house; or in the courteous treatment which she received at their hands after the formal warrant of arrest was taken out. Montgomery Ward & Co. v. Wickline, 188 Va. 485, 491, 50 S.E.2d 387; Mullins v. Sanders, 189 Va. 624, 54 S.E.2d 116. The judge told the jury that the guilt or innocence of the plaintiff, as well as the actions of the police officers, were not issues in the case and should be disregarded by it in making up its verdict; but it is obvious that the jury paid little attention to this instruction.

The judgment of the District Court will be reversed and the case remanded for a new trial.

Reversed and remanded.