Marvin **MARTIN**, Plaintiff-Appellant,

v.

**LINCOLN PARK WEST CORPORA-TION**, Defendant-Appellee.

**No. 11311.**

United States Court of Appeals, Seventh Circuit.

Feb. 17, 1955.

Marvin Martin, Chicago, Ill., for appellant.

Mayer Goldberg, Leonard L. Levin, Burton Berger, Chicago, Ill., of counsel, for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff appeals from a judgment dismissing his complaint because of failure to state a claim upon which relief could be granted. Rule 12(b) of Federal Rules of Civil Procedure, 28 U.S.C.A.

The essential averments of the complaint follow. On June 2, 1954, defendant, a hotel corporation, employed plaintiff as clerk, agreeing to pay him $190.00 per month and to allow him the use of a room. Six days later, his duties were modified, in that he became auditor. He had hoped that the change would result in greater compensation but discovered, on June 17, that his wages remained the same. He "did then duly and promptly advise that he would not continue to serve." When he endeavored to occupy the room that evening he found it locked. When he returned the next day to obtain his personal belongings, they had disappeared. The actions of defendant "constituted an arrest." Because of the acts complained of he was deprived of his "home" and suffered "great humiliation." The conduct of defendant and "the unlawful arrest set forth herein" were such that he was entitled to recover damages in the sum of twenty-five thousand dollars. In a second count he sought to recover the value of his personal property, averred to be $1200.00, and in a third, unpaid wages in the sum of $80.00. Jurisdiction was invoked upon the averment that plaintiff is a resident of the State of New York and defendant a corporation organized under the laws of Illinois.

It seems obvious from the words of plaintiff himself that he is wholly without right of action, insofar as the first count is concerned, for he admits that, upon learning that his wages were to remain unchanged, he promptly, voluntarily terminated his employment. Thereby, all benefits which might accrue from the contract thereafter came to an end, for by his action he had deprived himself of any right to complain under the provisions of the agreement, except perhaps, to recover what, if anything,

was due him for services at the time of his voluntary retirement. 17 C.J.S., Contract, § 452, page 932, *et sequi* and Ill. cases there cited. Yet plaintiff sought to recover damages upon the theory that the contract was still effective to continue in him the right to use the room. Though he did not sue for breach of contract, his claim in tort for damages was based, in spite of his own breach of the contract, upon the theory that, subsequent to its mutual cancellation by his own repudiation, unobjected to by defendant, 17 C.J.S., Contracts, § 389, pages 881, 882 and cases cited, the latter's acts were in violation of a right which he could enjoy only by virtue of continuance of the contract, viz., the right to use the room. Having lost that right by his own act, he cannot complain of its violation, either in contract or in tort.

■■ As we have observed, plaintiff charged in his complaint, that the acts of defendant amounted to his "arrest" and that because it was unlawful he should recover damages. Consequently, it is probably well to make the further suggestion that the claim is fatally defective, as one for false arrest or false imprisonment. Whether he meant to state a claim for damages for false imprisonment as distinguished from false arrest, we consider immaterial, for, at any event, each of such actions, under the law of Illinois, includes, as a necessary element, an unlawful restraint of an individual's personal liberty of freedom of locomotion. Shelton v. Barry, 328 Ill.App. 497, 66 N.E.2d 697. In this state, as well as generally, there must be, in order to constitute the ripened action, some sort of unlawful detention, confinement or restraint. See Forgione v. United States, D.C., 100 F.Supp. 239, affirmed 3 Cir., 202 F.2d 249, certiorari denied 345 U.S. 966, 73 S.Ct. 950, 97 L.Ed 1384; Montgomery Ward & Co. v. Freeman, 4 Cir., 199 F.2d 720; Carr v. National Discount Corp., 6 Cir., 172 F.2d 899, certiorari denied 338 U.S. 817, 70 S.Ct. 59, 94 L.Ed. 495; Director General of Railroads v. Kastenbaum, 263 U.S. 25, 27, 44 S.Ct. 52, 68 L.Ed. 146. Inasmuch

as plaintiff asserts no detention and no restraint, other than inability to enter the room which he had previously occupied, the right to enter which he had surrendered by his voluntary repudiation of his contractual obligations, we cannot, even though indulging in the greatest of liberality in construing the first count, sustain it as one entitling him to relief.

■ True, plaintiff has added two additional claims: one for conversion of his personal property of the value of $1200.-00, and another for compensation claimed to be due of $80.00. The aggregate of these two demands does not amount to the requisite sum required for jurisdiction by reason of diversity of citizenship. After the court had rightfully held that plaintiff's claim for damages set forth in the first count should be dismissed, it was left with two other claims of neither of which it had jurisdiction; consequently, the entire claim was properly dismissed.

The judgment is

Affirmed.