# CIRCUIT COURT OF FAIRFAX COUNTY

Farris Dotson

v.

U-Haul Co.

April 9, 1997

Case No. (Law) 154159

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Defendant's demurrers. After reading both parties' briefs and hearing oral arguments, the Court took the matter under advisement and granted both sides leave to file additional briefs in support of their arguments. After reviewing these briefs, the Court overrules the Defendant's demurrer to the count of false imprisonment and sustains the demurrer to the count of intentional infliction of emotional distress.

## Facts

In March of 1994, the Plaintiff, Dotson, rented a truck from the Defendant, U-Haul. Plaintiff alleges that he rented the truck under a long-term agreement and that he made payments regularly under that agreement. The Plaintiff alleges that the Defendant reported to the police that the truck was stolen. In August of 1994, the Plaintiff was arrested by the Fairfax County Police for the theft of the rented truck. The Plaintiff filed this action against U-Haul alleging false imprisonment, negligence, and intentional infliction of emotional distress. The Defendant demurs to the counts of false imprisonment and intentional infliction of emotional distress.

*False Imprisonment*

In Virginia, false imprisonment is defined as the restraint of one's liberty without sufficient cause. *Zayre of Virginia v. Gowdy*, 207 Va. 47, 50 (1966). The essence of this cause of action is the illegal detention of a person without lawful process. *Montgomery Ward & Co. v. Wickline*, 188 Va. 485, 489 (1948). In this case, the Court finds, for purposes of a demurrer, that Dotson has met the requirements for a claim of false imprisonment. Specifically, the Plaintiff has alleged that he lawfully rented a truck from the Defendant, that the Defendant wrongfully reported the truck to the police as stolen, and that the police detained him based upon the Defendant's report. Based on these allegations, the Court finds that Dotson has alleged sufficient facts for a claim of false imprisonment.

U-Haul offers two main arguments as to why it has not committed false imprisonment. First, U-Haul argues that it had good cause to report the vehicle stolen based upon its records. Therefore, U-Haul argues that it is not liable for false imprisonment. The Court, however, finds this argument unpersuasive. Whether or not U-Haul had good cause to report the truck as stolen is irrelevant to the charge of false imprisonment. As the Virginia Supreme Court noted in *Montgomery Ward*: "[i]n an action for false imprisonment ... the good faith of the defendant in causing the arrest, or probable cause, therefore, is no defense to a claim for actual or compensatory damages sustained in the consequence thereof." *Id.* at 490. Thus, U-Haul's argument that it had good cause does not defeat the Plaintiff's claim for false imprisonment.

Next, U-Haul argues that its actions were lawful based upon Code of Va. §§ 18.2-105 and 18.2-105.1. U-Haul argues that these statutes, which protect merchants who detain shoplifters, apply to the case at bar and defeats any claim for false imprisonment. The Court, however, disagrees. These statutes, on their face, only apply to situations involving shoplifting. In this case, there is no evidence that Dotson "shoplifted or willfully concealed goods" as he left U-Haul's establishment. Additionally, these statutes only provide protection for detentions that occur on the premises or after close pursuit from such premises. However, in this case, Dotson was detained in a convenience store parking lot *four months* after he rented the truck. It is clear from a reading of the statute that these code sections were not meant to apply to the present situation. Thus, the demurrer to the count of false imprisonment is overruled.

## Intentional Infliction of Emotional Distress

In Virginia, to maintain a cause of action for intentional infliction of emotional distress, a plaintiff must prove four things: (1) that the wrongdoer's conduct was intentional or reckless; (2) that the conduct is outrageous and intolerable; (3) that the alleged wrongful conduct and emotional distress are causally connected; and (4) that the distress is severe. *Russo v. White*, 241 Va. 23, 26 (1991). Based upon the allegations in Dotson's Motion for Judgment, the Court finds that Dotson has not alleged sufficient facts to meet all of these elements.

Assuming, for purposes of this demurrer, that Dotson met the first three elements for a claim of intentional infliction of emotional distress, the Court finds that Dotson has failed to meet the fourth element, which requires a showing that the emotional distress was severe. In the Motion for Judgment, Dotson has claimed that he was "greatly injured in his reputation and credit in the community, was subject to public scorn and ridicule, and was caused great mental anguish and anxiety." The Court finds that these allegations do not rise to the level of severe distress.

Virginia law requires a strong showing of damages to sustain a claim for intentional infliction of emotional distress. In *Russo v. White*, the Virginia Supreme Court held that the Plaintiff's allegations that she "was nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work" were insufficient to meet the requirements that the distress be severe. *Id.* at 28. The Virginia Supreme Court stated that "liability arises only when emotional distress is extreme and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.* at 27. In that case, the Supreme Court sustained the Defendant's demurrer and noted that the Plaintiff did not claim any "objective physical injury caused by stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Id.* Similarly, in this case, Dotson has not alleged sufficient facts to show that the distress was so severe that no reasonable person could be expected to endure it, nor has he alleged any objective physical injury caused by the distress. For these reasons, the Court sustains the demurrer to the count of intentional infliction of emotional distress. The Plaintiff is granted leave to amend this count within 21 days of entry of the Order.

## *Conclusion*

For the above-stated reasons, the Court overrules the demurrer to Count I of the Motion for Judgment and sustains the demurrer to Count III with leave to amend.