## CIRCUIT COURT OF FAIRFAX COUNTY

Frazier

v.

Kurt Strobel et al.

April 19, 2002

Case No. (Law) 191117

BY JUDGE JONATHAN C. THACHER

The matter before the Court is Defendant Guenter Strobel's Demurrer. Counsel has waived oral argument and has requested that this Court rule based solely on the pleadings. After review of the pleadings and for the reasons set forth in this opinion letter, Defendant Guenter Strobel's Demurrer is sustained on all counts.

On October 17, 1996, Plaintiff visited Defendant Kurt Strobel at the residence of both Defendants. (MFJ § 5.) A struggle ensued between Plaintiff and Defendant Kurt Strobel, during which time Defendant Guenter Strobel was not present. (MFJ § 8-33.) At approximately 1:05 a.m. on October 16, 1996, Defendant Guenter Strobel arrived home. (MFJ § 34.) Plaintiff asserts that Defendant Guenter Strobel "knew the Plaintiff was in his home because her vehicle was parked in plain view at his premises and the Defendant, Kurt Strobel, had his room light on. Said light was visible upon approach to the Gateshead Road residence." (MFJ § 35.) Furthermore, Defendant Guenter Strobel never investigated the struggle, evident by the "screams of pain" by Plaintiff. (MFJ § 44.) Plaintiff has brought a civil suit against Defendants based on the theories of assault and battery, false imprisonment, and

negligence. Defendant Guenter Strobel has demurred to all counts, which is the present motion before this Court.

In considering a demurrer, the Court must apply the settled rule that a demurrer admits the truth of all well-pleaded facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). Upon demurrer, the test of the sufficiency of the motion for judgment is whether it states the essential elements of a cause of action. *Lyons v. Grether*, 218 Va. 630, 239 S.E.2d 103 (1977).

*Counts I & II (Assault and Battery)*: Plaintiff's pleadings fail to allege that Defendant Guenter Strobel was involved in the assault and battery. He was neither present during the first part of the evening, nor did he come into contact with the Plaintiff for the duration of the struggle. Therefore, these claims fail to state a cause of action upon which relief may be granted against Defendant Guenter Strobel and the demurrer to these counts must be sustained.

*Count III (False Imprisonment)*: False imprisonment is restraint of one's liberty without sufficient legal excuse therefor by word or acts which he or she fears to disregard, and neither malice, ill will, nor wrongful intention are elements of the offense. *Montgomery Ward & Co. v. Wickline*, 188 Va. 485, 50 S.E.2d 387 (1948). Based on the motion for judgment, the facts pleaded therein, and the inferences fairly drawn therefrom, the Plaintiff does not sufficiently state a case of false imprisonment against Defendant Guenter Strobel. Plaintiff alleges that Defendant Guenter Strobel falsely imprisoned her by his failure to investigate and/or assist her by calling the police and/or removing, kicking or throwing out Defendant Kurt Strobel, from the premises. The tort of false imprisonment requires "words or acts" to carry out the unlawful restraint. The motion for judgment states that at no time did Defendant Guenter Strobel enter the room of Defendant Kurt Strobel or speak to Plaintiff during the time she was in his house. Therefore, the demurrer to this count must be sustained.

*Count IV (Negligence)*: As noted above, in ruling upon a demurrer, the issue before the trial court in this case is whether the facts alleged in Plaintiff's motion for judgment, along with the facts that may be reasonably and fairly implied by or inferred therefrom, are sufficient to support the causes of action under the theories of liability to which those acts relate. *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 540 S.E.2d 134 (2001). With respect to claims of negligence, the factual allegations must establish the existence of a duty of care. *Id.* Whether such duty exists is a "pure question of law." *Burns v. Johnson*, 250 Va. 41 (1995). If the allegations are legally sufficient to

establish a duty as a matter of law, then it becomes a matter for the jury, upon the evidence, to "determine whether the duty has been performed." *Yuzefovsky*, 261 Va. 97, *quoting Acme Markets, Inc. v. Remschel*, 181 Va. 171, 24 S.E.2d 430 (1943)).

The Plaintiff's motion for judgment states that "at all relevant times Defendant Kurt Strobel was a tenant for 2½ to 3 years in the home owned by the Defendant, Guenter Strobel. During said time living in the home of Defendant Guenter Strobel, Defendant Kurt Strobel paid the Defendant Guenter Strobel $50.00 every two weeks." (MFJ § 50.) Plaintiff alleges that Defendant Guenter Strobel had a duty to maintain a premises that was reasonably safe for those individuals invited onto said premises and that Defendant Guenter Strobel had a duty to control the acts of his son, tenant Defendant Kurt Strobel. Additionally, Plaintiff alleges that Defendant Guenter Strobel had a duty to exercise reasonable care to control Defendant Kurt Strobel's conduct and to protect the Plaintiff therefrom because he knew that an assault with an imminent probability of harm to Plaintiff was about to occur. Furthermore, Plaintiff argues that Defendant Guenter Strobel had a duty to protect the Plaintiff from the acts of Defendant Kurt Strobel because of the special relationship which existed between Defendant Guenter Strobel and the Plaintiff. (MFJ § 76.)

A plaintiff who seeks recovery from a property owner for harm from the criminal act of a third party must first establish that there is a special relationship, either between the plaintiff and the owner or between the third party criminal actor and the owner. Second, the plaintiff must establish that the special relationship creates a duty of care, such as to warn or protect the plaintiff, as a result of the particular circumstances of that special relationship, including the known or reasonably foreseeable danger of harm to the plaintiff from the criminal act of the third party. *Yuzefovsky*, 261 Va. 97. The necessary special relationship may be one that has been recognized by law or it may arise from the factual circumstances of a particular case. *Id.* The relationship of landlord and tenant, without more, does not constitute a special relationship. *Id.* See *Gulf Reston v. Rogers*, 215 Va. 155, 207 S.E.2d 841 (1974); *Klingbeil Management Group, Inc. v. Vito*, 233 Va. 445, 357 S.E.2d 200 (1987). As a general rule, the landlord's duty is limited to maintaining in good repair and free of latent defects the areas over which the landlord has control and not to require the landlord "to act as a policeman." *Id.*, citing *Klingbeil*, 233 Va. at 447. However, the determination that the necessary special relationship between a landlord and a tenant or a landlord and a third party is not precluded. It is necessary to analyze the specific facts of each individual case. See *Gulf Reston*, 215 Va. 155; *Klingbeil*, 233 Va. 445.

In analyzing the pleadings, the special relationship alleged by the Plaintiff is the result of a conclusory stretch of the law that this Court cannot abide. It is clear that Guenter Strobel's role as landlord of tenant Kurt Strobel is not sufficient to create a special relationship. The law is also clear that a father has no duty to control a grown son. Adding these two relationships together do not equal a special relationship. This Court will only find a special relationship exception in cases where the pleadings support such a finding. In this instance, the pleadings lack the necessary allegations. Simply stating that there exists a special relationship in the pleadings is not adequate to survive demurrer when the allegations are conclusory and tenuous at best. To allow such an allegation to survive a demurrer would open this court to the onerous burden of overruling every demurrer to a negligence claim that simply stated the existence of a special relationship without the necessary and indispensable substantiation of such a claim. Therefore, this count has not been sufficiently pleaded to survive the demurrer. Accordingly, the demurrer on Count IV (Negligence) is sustained.