# CIRCUIT COURT OF THE CITY OF PETERSBURG

Beth Moronese

v.

Benjamin O. Scott

September 20, 2005

Case No. CL04-462-00

BY JUDGE W. ALLAN SHARRETT

The Court has been asked to rule on the Demurrer filed by the Defendant. In reviewing the matter, it appears that two questions present themselves:

(1) Does Virginia law allow a Plaintiff to maintain claims of false imprisonment and negligence in the same suit?

(2) Can a false imprisonment claim be maintained when the Defendant did not assist in physically arresting the Plaintiff and was in fact thousands of miles away?

### I. Can False Imprisonment and Negligence Claims Be Pursued Simultaneously?

In Virginia, false imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W. T. Grant Co. v. Owens*, 149 Va. 906, 921 (1928). False imprisonment claims often arise in the law enforcement context, and "the gist of the action is the illegal detention of the person, without lawful process, or the unlawful execution of lawful process." *Montgomery Ward v. Wickline*, 188 Va. 485, 489 (1948). Though known as an intentional tort, no showing of ill will or

48

malice towards the plaintiff is necessary. "To maintain an action for false imprisonment it is not necessary to show malice, ill will, or the slightest wrongful intention, and neither the good faith of a defendant nor that of his employee will defeat a plaintiff's right to recover." *Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 51 (1966).

Neither the Virginia Supreme Court nor the Court of Appeals has directly addressed the question of whether a plaintiff can maintain false imprisonment and negligence claims in the same lawsuit. In *Food Lion, Inc. v. Melton*, 250 Va. 144, 458 (1955), however, the Supreme Court did review a plaintiff shopper's request for a new trial after a split verdict in her lawsuit against a defendant supermarket for negligence and false imprisonment. The Court allowed both the false imprisonment and the negligence claims to be retried.

From *Food Lion*, this Court may infer that the Virginia Supreme Court has not found false imprisonment and negligence to be legally incompatible causes of action. See also *Dotson v. U-Haul Co.*, 42 Va. Cir. 121 (Fairfax County 1997) (rejecting defendant's demurrer to a false imprisonment count in a lawsuit alleging both false imprisonment and negligence).

Authority from other jurisdictions further supports the argument that false imprisonment and negligence claims can be maintained in the same lawsuit. "The tort of false imprisonment can be committed by negligent as well as by intentional conduct." *Shakespeare v. City of Pasadena*, 230 Cal. App. 2d 375, 384, n. 6, 40 Cal. Rptr. 863, 869, n. 6 (1964).

Thus, Virginia law does not, on its face, prohibit the Plaintiff from proceeding under claims of both false imprisonment and negligence.

## II. *Must the Defendant be Physically Present at the Scene?*

Scott argues in his Demurrer that he cannot be held liable for false imprisonment since neither he nor his deputy were present at the Colorado arrest scene. This reasoning, however, cuts against the very nature of the common law false imprisonment cause of action. As one Virginia court has stated, "[a] party who actively instigates, directs, or procures the unlawful arrest of a person is liable for false imprisonment." *Smith v. Button*, 43 Va. Cir. 379, 383 (Richmond City 1997). See also 32 Am. Jur. 2d, *False Imprisonment*, § 38 (Westlaw updated May 2005) ("Persons other than those who actually effect an imprisonment may be so related to the act or proceeding as instigators or participants therein as to be jointly liable; for all who aid, direct, advise, or encourage the unlawful detention of a person are liable for

the consequences.") Hence, to be liable, it is not necessary that Scott be present at the scene of the false imprisonment.

Thus, for the reasons stated herein, the Court overrules the Defendant's Demurrer as to the claim of false imprisonment.